610

■■■■■■■■      ■■■■

25582. A. G. Boone Company *et al. v.* Bostick.

Stephens, J. 1. This being a suit against two defendants, in which the plaintiff sought to recover damages for personal injuries alleged to have been sustained by him as the result of a wagon which he was driving being negligently run into by a motor-truck of one of the defendants, which was being operated along a public highway by the other defendant, and it appearing that this suit and another suit brought by a person who was riding in the wagon with the plaintiff, against the same defendants, to recover· on the same grounds of negligence, were tried together on the same evidence, before the same jury, and that separate verdicts were rendered for each plaintiff, and that all the assignments of error insisted on by the defendants in the present case, other than an exception to the charge of the court in stating the contentions of the present plaintiff,·have been passed upon adversely to the defendants by this court in *A. G. Boone Co.* v. *Owens,* 54 *Ga. App.* 379 (187 S. E. 899), the rulings there made are controlling of all the assignments of error in the case now before the court, except one wherein the charge stating the contentions of the plaintiff is·excepted to.

2. Where the court, before specifically instructing the jury with respect to the plaintiff's case, instructed them, with respect to the other case which was being tried jointly with the plaintiff's case, that the defendants had denied various allegations in the petition of the plaintiff in the other case, and that the defendants' answer had put the burden of proof upon the plaintiff in the other case to establish by a preponderance of the evidence the allegations of that petition, and instructed the jury that in the two cases which were being tried together the "allegations of each petition, as to the time, the place, and circumstances under which it is alleged the injury occurred are the same, and the charges of negligence against the defendants in the two petitions are the same," and that "the same rules of law which the court has given you in charge as applicable" to the other case, "except as to the measure of recovery," are applicable in the case of the present plaintiff against the defendants, except that the present plaintiff would not be chargeable with the negligence of the other person who was in the wagon with him, "but would be liable for any negligence on his own part, for the failure to exercise ordinary care for his own safety," and where the defendants in the present case, in their pleas and answers, had filed only a general denial of the allegations of the plaintiff's petition, it appears from the entire charge that the jury were instructed, and must have understood, that the contentions of the present plaintiff were denied by the defendants, and that it was incumbent on the present plaintiff to establish his contentions by a preponderance of the evidence. The charge is not subject to the exception that it was error in that the court had nowhere instructed the jury that the contentions of the plaintiff were denied by the defendants, or that the defendants had filed an answer to the plaintiff's petition.

3. The verdict for the plaintiff was authorized, and no error appears.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

Decided November 23, 1936.

*Haas, Gambrell & Gardner, Blair & Gardner, George D. Anderson,* for plaintiffs in error.

*Morris & Welsch, George W. McCollum,* contra.