## 26657.   BABB v. KIRK.

DECIDED FEBRUARY 10, 1938.

R. Carter Pittman, for plaintiff in error.
Hardin & McCamy, contra.

BROYLES, C. J.  Kirk sued Babb to recover alleged damages resulting from his truck's collision with Babb's automobile which was being operated by Babb's son.  Babb filed an answer, and a cross-action in which he sought to recover damages for injury to his car.  The trial resulted in a verdict in favor of Kirk for fifty dollars.  Babb's motion for new trial was overruled.  In the brief of his counsel the general grounds of the motion are expressly abandoned, and therefore we will consider only the special grounds. The first special ground complains of the court's refusal to declare a mistrial because of an alleged improper and prejudicial statement made by Kirk when he was upon the witness-stand and was being examined by his counsel.  The witness was asked: "Next day, what did he [Babb] do about it?"  Kirk answered: "He [Babb] finally said that it was his boy's fault, and that he had insurance, and he would pay for that."  Counsel for Babb at once objected

to the testimony, and moved for a mistrial. Counsel for Kirk stated that he "did not intend for the witness to say that." The court made the following ruling: "I will ask the jury not to give any attention to what the witness said about insurance. It is improper, and it was not in response to the question asked by counsel, and I reprimand the witness for throwing it in without being asked for it, and I will ask the jury to give no consideration to it; and with that I will overrule the motion." Subsequently, when Kirk was being cross-examined by counsel for Babb, the following occurred: The witness was asked: "After that car was damaged so badly, how were you able to drive it home that night, and how were you able the next day to make a trip over in the country with it?" Kirk answered: "I helped Mr. Babb straighten up his car, so he could drive it to town." Question: "I am asking about your truck; how could you drive it home and drive it out in the country next day?" Answer: "I drove it over to Mr. Calloway's, the man that had the insurance on the Babb car." Counsel for Babb objected to the statement about the insurance, and again moved for a mistrial. The court said: "Mr. Witness, I told you awhile ago that I reprimanded you for that, and you have repeated it." The witness replied: "That was my purpose over there." The court: "But I reprimanded you for that, and you have repeated it and tried to get it before the jury. I reprimanded you when Mr. Hardin didn't ask about it, when you came out and said that he [Babb] had insurance on the car; and after doing that, I overruled the motion to declare a mistrial. And now, with the statement that he had insurance, we do not base verdicts on the fact that some one has insurance; we base them on all the evidence, and that [insurance] has nothing to do with the blame in this wreck. The question is, who is to blame? I will let you pay a fine of $2, and I will ask the jury again not to give any attention to the testimony regarding insurance; it is highly improper for the witness to have stated it, and, with the belief that the jury will give no weight or attention to it, I will overrule the motion." The overruling of the motion is assigned as error in the second special ground of the motion for new trial. The plaintiff's statements that Babb had insurance on his car were "calculated to suggest to the jury that any damages found in favor of the plaintiff would be paid by the insurance company and

not by the defendant, and were highly prejudicial to the defendant's cause." *Decatur Chevrolet Co.* v. *White*, 51 *Ga. App.* 362 (180 S. E. 377). However, in that case, this court said: "The mere ruling out of the evidence, without a rebuke to the witness and without instructions to the jury to disregard it, was not sufficient to erase the prejudicial statement from the minds of the jury; and the justice erred in overruling the timely motion to grant a mistrial." In the instant case the court not only sternly rebuked the witness, but actually imposed a fine upon him for repeating the objectionable statement, all in the presence of the jury, and emphatically instructed the jury to disregard the statements. In our opinion, it is probable that the severe censure and the fining of the witness by the judge, and his forcible instructions to the jury to disregard the statements of the witness, were sufficient to erase any prejudice against the defendant from the minds of the jury. This is indicated by the fact that the amount of the verdict ($50) in favor of the plaintiff was much less than the evidence authorized. The cases cited in behalf of the plaintiff in error are distinguished by their facts from this case; and in none of them was the judgment of the trial court reversed. Furthermore, it is well-settled law that the burden is on a plaintiff in error to show *reversible* error, and that burden has not been carried in this case.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*