## O'NEILL MANUFACTURING COMPANY *v.* PRUITT, by next friend.

There was no error in any of the rulings or charges complained of. There was evidence to authorize the verdict, and, the trial judge being satisfied therewith, this court will not interfere with his discretion in refusing a new trial.

Argued March 16, — Decided April 10, 1900.

Action for damages. Before Judge Harris. City court of Floyd county. March term, 1899.

*Reece & Denny* and *Nat. Harris,* for plaintiff in error.
*Wright & Ewing,* contra.

SIMMONS, C. J. Pruitt, a child thirteen years of age, had his hand injured in the shop of the defendant company. He sued for damages. On the trial he exhibited his hand to the jury. The four fingers and part of the thumb had been cut off. He had been working in the defendant's shop for about three years when the injury occurred. He testified that it was necessary for him to have a certain kind of board, in order to do the work assigned to him. He mentioned this to the foreman, and the latter instructed him to make one. The only machine on which he could make it was a very dangerous machine called a "jointer." In attempting to make the board, his hand slipped and he was injured. He had never received any warning from the foreman or any one else as to the dangerous character of this machine. Several other witnesses testified that, shortly after the accident, the foreman told them that he regretted having sent the boy to that machine. It was also shown that the boy's capacity to labor at the kind of employment in which he had been engaged was entirely gone. There was also proof of what he had been earning before his injury. The foreman testified that he did not send the boy to the ma-

chine to make the board, and, indeed, denied telling him to make the board at all.    Other witnesses testified that the boy had been warned as to the dangerous character of the machinery in the shop, and instructed not to go near the machines; and that the boy, after he had been hurt, said it was all his fault.    The jury returned a verdict for the plaintiff for $1,800.00.    The defendant company made a motion for a new trial, which was overruled.    The defendant excepted.

In the examination of a witness the counsel for the plaintiff undertook to show that, if the defendant was held liable for the injury, an insurance company would pay the verdict.  This was objected to by defendant's counsel, and was withdrawn by counsel for the plaintiff.  No ruling was made by the judge. In the concluding address of plaintiff's counsel to the jury he stated that an insurance company would have to pay for the injury if the jury found in favor of the plaintiff.  This was objected to by defendant's counsel, and the court promptly called to order the plaintiff's counsel, informing him that there was no evidence to support such statements, and that it was improper to make such an argument.    The court then instructed the jury to disregard what plaintiff's counsel had said, and told them there was no such evidence before them.  All this was made one of the grounds of the motion for new trial.    We see no error on the part of the judge with regard to this matter. As to the first part of it, relating to the offering of the illegal. evidence, no ruling was made by the judge.    The plaintiff's counsel withdrew the objectionable question, and there was nothing to rule upon.    While the remarks made by counsel to the jury were improper for the reason that there was no evidence to base them on, the judge promptly corrected this, as far as he could, by censuring counsel and instructing the jury to disregard the remarks.    Counsel for the defendant seem to have been satisfied with this until after the verdict.  He made no motion for a mistrial, but took his chances of obtaining a verdict in his favor.    After the trial it was too late to complain of the matter.  Had he made a motion for a mistrial and the judge refused to grant it, his ruling would then have been a matter for review by this court.    Speaking for myself, I think

that in such a case the motion for a mistrial should have been granted. It is highly improper for counsel in addressing the jury to comment on matters not in evidence. These particular remarks by plaintiff's counsel were calculated to impress the minds of the jury with the idea that the defendant company would not have to pay the verdict and judgment, if against it, for the reason that it had an arrangement with an insurance company to pay all such verdicts for injuries to its employees. While the court did all that could be done to disabuse them of this impression, it must still have lingered in their minds. The most effectual way to stop such conduct on the part of counsel is for the trial judge to grant a mistrial, whenever it occurs and a motion for a mistrial is made. No such motion was made in the present case, and there was no error in what was done by the trial judge.

Complaint is also made in the motion for new trial of the instructions of the court to the jury as to the manner of using the mortality and annuity tables which had been introduced in evidence. It is contended that while the charge abstractly considered was correct, there was no evidence upon which to predicate it; that there was no evidence that the plaintiff's earning capacity had been diminished in whole or in part. There was evidence to show that he was totally incapacitated to continue his work on the machines in the defendant's shop, or to work on similar machines. Further than this, the plaintiff exhibited his hand to the jury, showing the loss of the four fingers and a portion of the thumb. The jury saw his injured hand, and could, in our opinion, have inferred a partial loss of capacity from its condition, and have determined for themselves the extent to which the boy's capacity to labor, then or in the future, was diminished. Had a witness been examined upon this subject and given his opinion, this opinion must necessarily have been based upon the loss of the hand, and we see no reason why the jury could not form an opinion upon the same fact. The injury was not latent or concealed, but was patent, and, as shown above, the hand of the plaintiff was in evidence before the jury.

Complaint was also made that the verdict was contrary to

the evidence. If the jury believed the testimony of the plaintiff's mother and her sister, which showed that the foreman admitted sending the boy to the dangerous machine by which he was injured, and the evidence of the plaintiff himself, which showed that the foreman told him to make the board on that machine, there was, in our opinion, sufficient evidence to authorize the verdict. It is true all this was denied by the defendant's witnesses; but the jury passed upon the issues, and the judge, after having given a charge very favorable to the defendant, was satisfied with the verdict. We will, therefore, not interfere with his discretion in refusing a new trial.

*Judgment affirmed. All the Justices concurring.*