16099.  HEINZ *v.* BACKUS.

JENKINS, P. J.   1. In the instant action for personal injuries, resulting from the collision between the defendant's automobile and the "jitney" in which the plaintiff was riding as a passenger, the evidence authorized the verdict for the plaintiff, both on the issue of negligence and on the question as to whether the defendant's chauffeur was using the machine at the time by, or contrary to, the orders of the defendant during his absence from the city. On the latter issue the jury were authorized to find that the chauffeur was at the time of the collision returning to the defendant's home after the delivery of milk to the defendant's mother, as directed by him, and also was carrying fertilizer in the car to the defendant's home by direction and for the use of the defendant's gardener, to whose direction the defendant in effect testified the chauffeur was subject during the defendant's absence.

2. Evidence that a defendant in an action for damages is protected by liability insurance is ordinarily inadmissible, as irrelevant, and should be excluded or ruled out upon proper motion, and counsel have no right to comment thereon. It is the general rule that, where the mere exclusion of such evidence, and appropriate instructions from the court to disregard it and remarks of counsel thereon, can not disabuse the prejudicial impression created upon the jury, a mistrial should be granted. *O'Neill Mfg. Co.* v. *Pruitt*, 110 *Ga.* 577, 578, 579 (36 S. E. 59).

(a) "A party to a cause is not entitled as a matter of right to withdraw legal and competent evidence voluntarily introduced by him, which is favorable to his adversary," but "the rule is different where the testimony is neither legal nor relevant. Where illegal or irrelevant testimony has crept into the record of the case, it is always in order to withdraw it." *Zipperer* v. *Savannah*, 128 *Ga.* 135 (2), 139 (57 S. E. 311). "A party who has offered testimony which the court has admitted against objection by the opposite party may, before the evidence is concluded, ask to have it withdrawn from the consideration of the jury, and the court may grant such motion. The opposite party can not complain of the withdrawal of evidence allowed over his objection,

for such withdrawal would in effect be sustaining the objections made to it." *Ala. R. Co.* v. *Hardy,* 131 *Ga.* 239, 241 (2) (62 S. E. 71).

(*b*) "Where objection is made to the admissibility of testimony and the court does not rule upon the objection, but the testimony is allowed to go to the jury, the failure of the court to rule upon the evidence, under the facts, is equivalent to overruling the objection." *Lynn* v. *State,* 140 *Ga.* 387 (8) (79 S. E. 29). But where, after a witness has made an irrelevant or illegal answer to a question propounded by counsel, to which the opposite party objects, counsel in effect withdraws such testimony by stating that the answer was not responsive to his question, and saying, "I don't insist upon it," the fact that such testimony was previously given, and that the court, in view of counsel's withdrawal of the testimony, did not rule upon the objections, will afford no legal ground for a motion for a mistrial, or for a new trial. See *Bowling* v. *Mims,* 142 *Ga.* 397 (3) (83 S. E. 112). In the instant case it further appears that the testimony of the witness was merely that he had signed a certain written statement or affidavit in "an insurance office," and that if it could be taken, without more, as prejudicial to the defendant as relating to liability insurance, it was brought out on a redirect examination by plaintiff's counsel as to the circumstances under which the witness signed the writing, after the defendant's counsel, on cross-examination, had questioned him as to certain statements contained therein or the apparent purpose of impeachment.

3. "Where long extracts from the charge of the court are excepted to, the plaintiff in error must specify what parts of them are erroneous or inapplicable. If this be not done, and some parts be applicable, a new trial will not be granted because of such charges." *Grace* v. *Martin,* 83 *Ga.* 245 (5) (9 S. E. 841); *Verdery* v. *Savannah Ry. Co.,* 82 *Ga.* 675 (6), 680 (9 S. E. 1133); *Enright* v. *Atlanta,* 78 *Ga.* 288 (1); *Thompson* v. *Feagin,* 60 *Ga.* 82 (4); *Anderson* v. *So. Ry. Co.,* 107 *Ga.* 501 (4 *c*) (33 S. E. 644).

(*a*) "A charge embracing an abstractly correct and pertinent principle of law is not rendered erroneous by a failure to charge some other legal principle applicable to the case." *Wilson* v. *Small,* 28 *Ga. App.* 587, 591 (113 S. E. 238); *Ga. Granite Corp.* v. *Union Granite Co.,* 31 *Ga. App.* 261 (3) (120 S. E. 547).

(*b*) After quoting a long extract from the charge of the court, containing several independent rules of negligence, comparative negligence, and diminution of damages, and as to whether the plaintiff while a passenger in the "jitney" at the time of the collision had control over its movements, the plaintiff in error, without segregating any particular portion as erroneous, follows this quotation with only the following grounds of exception: "that the law as given in charge to the jury was not applicable to the facts and issues of this case, because the driver of the car in which plaintiff was riding was exceeding the State law as to speed," and because his negligence in throwing on brakes and skidding on the wet street after such high speed was "the sole cause of the injury, and plaintiff could not recover;" that "the said issue was raised by the proof in the case and the court should have charged the

jury that, 'if the evidence showed that the jitney driver was negligent, and that his negligence amounted to or was the sole cause of the plaintiff's alleged injury, that she could not recover against this defendant;'" and that "said charge is further erroneous for the reason that it made defendant liable for all hazards of the road, especially the sole negligence of the jitney driver in this case." Since the charge as a whole was not erroneous or inapplicable to the issues presented by the conflicting evidence, these grounds of error, under the rules stated, are without merit.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JULY 20, 1925.

Action for damages; from city court of Decatur—Judge Daley. November 6, 1924.

*Sidney Smith,* for plaintiff in error.
*Harwell, Fairman & Barrett,* contra.