## 24533. DECATUR CHEVROLET COMPANY et al. v. WHITE.

DECIDED MAY 25, 1935. REHEARING DENIED JUNE 21, 1935.

*Yantis C. Mitchell, John A. Dunaway, Bryan, Middlebrooks & Carter,* for plaintiffs in error.

*John E. Verner,* contra.

BROYLES, C. J. 1. It is an inherent right of all courts where jury trials obtain, including justices of the peace, to declare a mistrial when justice demands it. *Chapman* v. *Conwell,* 1 *Ga. App.* 212, 214 (58 S. E. 137).

2. O. L. White brought suit against the Decatur Chevrolet Company for damage to an automobile, and a verdict in favor of the plaintiff was returned. Upon the trial before the justice of the peace and a jury, and while the plaintiff was testifying as a witness, he was asked this question: "What, if anything, did Mr. Costley [the alleged agent of the defendant company] tell you

about whether or not Mr. Flournoy White [the driver of the defendant's truck] had the company's permission or consent to use the truck?" The plaintiff made the following answer: "Mr. Costley said that he would talk to Flournoy White when he came in, and that he would then *report it to the insurance company.*" (Italics ours.) It is then recited as follows in the petition for certiorari: "At this point counsel for Decatur Chevrolet Company objected to this evidence and moved to rule it out, and made a motion for mistrial upon the ground that the reference to insurance was irrelevant, immaterial, and prejudicial, and calculated by the plaintiff himself to influence the jurors in their verdict. Counsel for the defendant insisted upon a mistrial being granted, because the mere instruction of the court to the jury that the same should not be considered could not disabuse the prejudicial impression created upon the jurors by such evidence. The court overruled the defendant's motion for a mistrial, and ruled merely that the evidence was inadmissible. The justice of the peace did not promptly and vigorously reprimand O. L. White for his misconduct, and did not give the jury any instruction about disabusing their minds of any prejudice which may have arisen on account of the introduction of this testimony. The voluntary introduction by the plaintiff of "the insurance company" into the evidence was calculated to suggest to the jury that any damages found in favor of the plaintiff would be paid by the insurance company and not by the defendant, and was highly prejudicial to the defendant's cause; and the mere ruling out of the evidence, without a rebuke to the witness and without instructions to the jury to disregard it, was not sufficient to erase the prejudicial statement from the minds of the jury; and the justice erred in overruling the timely motion to grant a mistrial. See, in this connection, *O'Neill* v. *Pruitt,* 110 *Ga.* 577 (36 S. E. 59); *General Supply Co.* v. *Toccoa Plumbing Co.,* 138 *Ga.* 219 (75 S. E. 135); *Atlanta Coach Co.* v. *Cobb,* 178 *Ga.* 544, 549 (174 S. E. 131).

3. Under the foregoing rulings the judge of the superior court erred in overruling the certiorari.

*Judgment reversed. MacIntyre, J., concurs. Guerry, J., dissents.*

GUERRY, J., dissenting. I can not agree that a justice of the peace has any inherent right to declare a mistrial, even for im-

proper remarks of counsel, under the Civil Code (1910), § 4679. In *Chapman* v. *Conwell*, 1 *Ga. App.* 212 (supra), the decision really held that "A justice of the peace has the right to declare a mistrial when the jury can not agree on a verdict." The reason for this is obvious. He may not dismiss a case or grant a nonsuit. *Favors* v. *Johnson*, 79 *Ga.* 553 (4 S. E. 925); *Gunn* v. *Wood*, 99 *Ga.* 70 (24 S. E. 407). He may not direct a verdict. *Lynch* v. *Southern Express Co.*, 146 *Ga.* 68 (90 S. E. 527). A justice of the peace is not bound to charge the jury on matters of law. *Bendheim* v. *Baldwin*, 73 *Ga.* 594; *Adams* v. *Clark*, 64 *Ga.* 648. A justice of the peace has not, as a matter of right, the power to instruct a jury in his court upon the law pertinent to a cause. If he does so charge and the charge is correct, it is not error. In *Stewart* v. *Murray*, 14 *Ga. App.* 438 (81 S. E. 382), this court said, in a case where a request was made to correct and reprimand counsel for alleged improper arguments before a jury: "We are not prepared to hold that the magistrate erred in refusing to order counsel to desist from his argument, or in refusing to reprimand him." In the present case the illegal evidence, upon motion, was excluded from the jury. A motion for mistrial was made and overruled. The granting of a motion for mistrial, is addressed, even in a court having jurisdiction to grant it, to the sound discretion of the court. It will be noted that the only reference to mistrial in the Code of 1910 is in § 4957, and this is with reference to improper remarks of counsel. In *Oliveros* v. *State*, 120 *Ga.* 237, 245 (47 S. E. 627, 1 Ann. Cas. 114), discussing mistrials it is said: "Considering the gravity of the issue, it could never be granted capriciously, nor because of mere errors of the judge in admitting or excluding evidence, nor for erroneous rulings during the trial. . . There may be many occurrences in the presence of the jury which . . so inevitably tend to vitiate the trial that the judge in the exercise of a sound legal discretion would be authorized to take the case from the jury and declare a mistrial." The exercise of such a sound legal discretion is not expected or required of a justice of the peace. The statement complained of, made in the presence of the jury, is not the remark or argument of counsel, and does not indicate that it was surreptitiously used by the witness in an attempt to illegally get such information to the jury. Under these circumstances I am unwilling

to hold that, even in a court having authority to exercise a sound legal discretion in granting or refusing a mistrial, such a ruling was error, especially when the evidence is ruled out.