25581. A. G. BOONE COMPANY *et al. v.* OWENS.

DECIDED OCTOBER 19, 1936.

*Haas, Gambrell & Gardner, Blair & Gardner, George D. Anderson,* for plaintiffs in error.

*Morris & Welsch,* contra.

JENKINS, P. J. The instant suit, for the alleged tortious homicide of plaintiff's husband, was filed on June 14, 1934, against a motor carrier, the driver of its truck which struck the deceased, and its insurer on an indemnity-insurance policy, given under the motor common-carrier act of 1931 (Code, § 68-612). Process was made returnable to the July term, on the third Monday in July, 1934. On July 13, 1934, plaintiff filed an amendment, which was allowed, striking the name of the insurance company as a party. The petition contained averments as to the requirement of the act that the carrier should take liability insurance for the protection of the public, and as to its compliance therewith. After the name of the insurance company was stricken as a party, there was no motion to purge or strike, or any special demurrer or other objection filed, as to the averments relative to liability insurance, until the two remaining defendants, after filing their answer on July 16, 1934, admitting these averments, filed, on October 25, 1935, what was designated as a "petition and motion to purge" the petition of such matter on the ground that it was immaterial, irrelevant, surplusage, and prejudicial in informing a jury that a defendant carried such liability insurance. At the trial at the November term, 1935, the court sustained plaintiff's motion to strike the defendant's petition or motion on the ground that it was too late. The defendants excepted pendente lite to this judgment. During the reading to the jury of the petition the following colloquy occurred: counsel for plaintiff: "We have stricken the [named insurance company]. The [company] was dismissed as a party defendant. [Associate counsel] read there the [insurance company], and I want to state now that we are not suing or claiming any damages against the [company] on any allegation of negligence in the petition against them." The court: "I think you might save time by eliminating the allegations with reference to the defendant which has been stricken." Counsel for plaintiff: "We are charging that under the common-carrier's act, the [named motor carrier] was required to carry insurance, and we are undertaking to show that in compliance with that act they had it." Counsel for defendants then moved for a mistrial on the ground

that the last statement of opposing counsel was prejudicial to the defendants. The court then promptly instructed the jury: "The court instructs the jury now that the [named insurance company has been] stricken as a party defendant in this case, you will disregard all reference to the [company named], and whether or not the [named motor carrier] was required to do certain things, and what it may be required under the statute to do. That is immaterial in this case." The jury returned a verdict for $7000 in favor of the plaintiff. The court refused a new trial on the general grounds, and on the last-stated and other special grounds, as hereinafter indicated.

■ The verdict for the plaintiff was fully authorized both as to the alleged negligence of the defendants and as to the amount of the recovery.

■ Whether the technically proper remedy of a defendant to eliminate irrelevant or superfluous matter from a petition is a motion to purge or a special demurrer, the remedy which attacks a defect of form and not of substance must be asserted at the first term. Code, §§ 24-3325, 81-301, 81-303; *Mullins* v. *Matthews,* 122 *Ga.* 286 (50 S. E. 101); *Duke* v. *Brown,* 113 *Ga.* 310 (11), 319 (38 S. E. 764); *Calhoun* v. *Mosley,* 114 *Ga.* 641 (2) (40 S. E. 714); *Latimer* v. *Irish-American Bank,* 119 *Ga.* 887 (1-*c*) (47 S. E. 322); *So. Ry. Co.* v. *Phillips,* 136 *Ga.* 282 (71 S. E. 414); *Ga. R. Co.* v. *Tice,* 124 *Ga.* 459 (52 S. E. 916, 4 Ann. Cas. 200); *Green* v. *Hambrick,* 118 *Ga.* 569 (5) (45 S. E. 420); *Southern Cotton-Oil Co.* v. *Raines,* 171 *Ga.* 154 (155 S. E. 484); *Wardlaw* v. *Frederick,* 13 *Ga. App.* 594 (2) (79 S. E. 523); *Field* v. *McElroy,* 47 *Ga. App.* 735 (171 S. E. 300). Although references in the petition to the insurance company, and the policy taken out by the defendant motor carrier under the motor-carrier act, were pertinent to the cause of action, lying against the insurance company, before the name of the company was stricken as a party defendant (see *Laster* v. *Maryland Casualty Co.,* 46 *Ga. App.* 620, 168 S. E. 128; *LaHatte* v. *Walton,* 53 *Ga. App.* 6, 184 S. E. 742; *Great American Indemnity Co.* v. *Vickers,* 53 *Ga. App.* 101, 185 S. E. 150); yet after the insurance company was eliminated as a party, such matter became irrelevant to the cause of action against the motor carrier and its servant, and was subject to be purged from the petition by a proper and timely attack. However, since the

motion of these defendants was not made until more than a year after their answer admitting these allegations, and the order of the court was not taken until the term when the case was assigned for trial, the striking of the motion to purge because it was filed too late was not error.

■ After the striking of the name of the insurance company as a party, references in the petition or the answer to the company or the insurance became irrelevant and superfluous; but since they remained as an admission by the other defendants in their answer and as an unstricken part of the record, the general rule which precludes counsel for the plaintiff in an action in tort for negligence from referring before the jury to any prejudicial matter not in evidence, such as the carrying of insurance by the alleged tort-feasor, and which requires a mistrial upon timely motion on account of such an improper reference or argument, or in any event a rebuke of counsel in addition to proper corrective instructions to the jury (see *O'Neill Mfg. Co.* v. *Pruitt,* 110 *Ga.* 577, 578, 36 S. E. 59; *General Supply Co.* v. *Toccoa Plumbing Co.,* 138 *Ga.* 219, 75 S. E. 135; *Atlanta Coach Co.* v. *Cobb,* 178 *Ga.* 544, 549, 174 S. E. 131; *Decatur Chevrolet Co.* v. *White,* 51 *Ga. App.* 362, 363, 180 S. E. 377; Code, § 81-1009), did not apply with the stringent force which otherwise would have been applicable. Accordingly, the prompt instruction by the judge as to the immateriality of any references to the insurance was sufficient under the circumstances, without declaring a mistrial.

■ During the closing argument of plaintiff's counsel, he made the statement that "defendants brutally murdered" plaintiff's husband, for whose alleged homicide the suit was brought. The petition alleged that the acts of the defendants in operating the truck, the wagon in which the deceased was riding, were "grossly negligent, reckless, and so dangerous as to endanger the safety of the decedent and [cause] his death." There was testimony for plaintiff, which, although controverted by defendants, tended to sustain these averments. But even assuming that in a civil action of this nature the characterization of such gross and reckless negligence as "murder" transcended the proper bounds of the wide scope allowed to counsel for legitimate logical inferences from testimony (*Josey* v. *State,* 137 *Ga.* 769 (4), 74 S. E. 218, and cit.; *Smalls* v. *State,* 105 *Ga.* 669 (3), 31 S. E. 571; *Holmes* v.

*State,* 7 *Ga. App.* 570 (2), 67 S. E. 693), especially in the heat of argument, it does not appear that counsel for the defendants immediately moved for a mistrial, but they waited until the conclusion of the arguments on both sides. After their reference then for the first time in their motion to the argument of counsel for the plaintiff, the court denied a mistrial, but specifically instructed the jury: "In the concluding argument of counsel for the plaintiff the death of [the decedent] was characterized as brutal murder. The court instructs you that the statement was improper, and excludes it from your consideration. You will not be influenced by it in any way, and you will disregard it in your consideration of this case." Under the evidence and the circumstances stated, and this reference to the argument as improper being in effect at least a mild rebuke of counsel, the statement of the court was sufficient, and it did not abuse its discretion, at the deferred time when the motion was made, in refusing to declare a mistrial. See *Trammell* v. *Atlanta Coach Co.,* 51 *Ga. App.* 705 (5), 711 (181 S. E. 315).

■ Under the description in the petition and the testimony, the court properly referred to the place at or near which the fatal collision occurred as an "intersecting highway." It did not err in charging the law relating to the right of way of vehicles approaching an intersecting highway, as stated in the Code, § 68-303 (g). The preceding instructions as to the rule of the road and the duty of drivers of vehicles to turn to the right were proper and not misleading or confusing.

■ Where the pleadings of one party are fuller than those of the other in elaborating respective contentions, the natural consequence, that the court may devote more time in stating the pleaded contentions of the former party than the latter, does not constitute an undue stressing of the contentions of the former, where the court states fully and fairly the substance of the pleadings of both, and especially where it also instructs the jury that the pleadings will go out with the jurors and they can read the papers for themselves to get the specific details of the allegations. See *Johnson* v. *Wilson,* 47 *Ga. App.* 621, 624 (171 S. E. 235); *Matthews* v. *S. A. L. Ry.,* 17 *Ga. App.* 664 (87 S. E. 1097); *So. Ry. Co.* v. *Wright,* 6 *Ga. App.* 172 (64 S. E. 703); *Georgia Power Co.* v. *Whitlock,* 48 *Ga. App.* 809, 812 (174 S. E. 162); *Bray* v.

*C. I. T. Cor.,* 51 *Ga. App.* 196 (3) (179 S. E. 928). The judge did not err in stating the contentions of the parties substantially as set forth in the pleadings; and the lengthier statement of the plaintiff's contentions, because of her fuller pleading, did not unduly magnify her contentions and minimize those of the defendants. The charge was not subject to the exception that it unduly stressed any rule of law or contention in favor of the plaintiff.

■ There being no controversy, under the testimony, as to the occurrence of the collision within the limits of the municipality alleged, the court in its instructions as to the proved speed ordinances of the town, that if the defendants violated them and such violation was the proximate cause of the injury, this would be negligence per se and the plaintiff might recover, did not err in assuming the undisputed fact that the collision occurred within the town limits. *Farmer* v. *State,* 49 *Ga. App.* 323 (175 S. E. 401), and cit.

■ The fifty-dollar penalty, imposed by a prior speed ordinance of the town, not being repealed by the subsequent ordinance increasing the speed limit from fifteen to twenty miles an hour, the court did not err in charging the jury as to the existence and effect of the ordinances, on the ground that the latter ordinance was invalid because it imposed no penalty. See *Lyons* v. *Collier,* 125 *Ga.* 231 (54 S. E. 183) ; *Manor* v. *Bainbridge,* 136 *Ga.* 777 (3) (71 S. E. 1101) ; *Johnson* v. *Southern Mutual Blg. & Loan Asso.,* 97 *Ga.* 622 (25 S. E. 358) ; *Friedman* v. *Mizell,* 164 *Ga.* 1, 5 (137 S. E. 400).

■ "Where in a civil case the judge, in stating the contentions of the parties, fully and fairly submitted the issues raised by the pleadings in the case, the failure of the court, in the absence of a request, to instruct the jury upon the contention of one of the parties not raised by the pleadings, although supported by some evidence in the record, is not cause for a new trial." *McLean* v. *Mann,* 148 *Ga.* 114 (2) (95 S. E. 985) ; *Hennemier* v. *Morris,* 51 *Ga. App.* 760 (181 S. E. 602). Likewise, it is not ordinarily error, in the absence of a request, not to elaborate the details of a pleaded defense beyond the manner in which it is stated in the pleadings. *Bray* v. *C. I. T. Cor.,* supra. Therefore the court did not err in failing to charge the unpleaded details of the manner in which it was contended that the deceased and the driver of the

mules and wagon in which he was riding were guilty of contributory negligence; or in failing to charge the unpleaded contention that the collision resulted from an unavoidable accident, in that the mules trotted out into the highway in front of the defendants' truck without giving its driver time to stop.

The court charged: "The law provides that an operator shall reduce speed at crossings or intersections of highways, on bridges, or sharp curves and steep descents, and when passing any animal being led on the highway. The latter part of that—when passing any animal being led on the highway—has no application in this case." This instruction merely quoted the language of the Code, § 68-303(i). Under the petition and the testimony that the collision occurred at a crossing or intersection of highways, the charge was proper. There was also some testimony as to a curve. The animals drawing the wagon, and not being led, the court properly eliminated from consideration this portion of the statute, which might have misled the jury. The failure to eliminate other parts of the law also, relating to bridges and steep descents, could not have confused the jury or have been prejudicial to the defendants.

The remaining grounds, concededly being not complete in themselves, and not being argued or insisted upon, are not determined. *Judgment affirmed. Stephens and Sutton, JJ., concur.*