## 28708. MINNICK *v.* JACKSON.

DECIDED MARCH 21, 1941.

*Cumming, Harper & Nixon,* for plaintiff in error.
*Pierce Brothers,* contra.

MacINTYRE, J. Charles Jackson, by his next friend John B. Reel, recovered in an action for damages for personal injuries against J. H. Minnick. The defendant excepted to the overruling of his motion to strike an amendment to the petition, to the overruling of his demurrer to the petition as amended, and to the overruling of his motion for new trial.

The defendant contends that the petition failed to set out a cause of action, in that it showed that the plaintiff's injuries were caused by his failure to exercise ordinary care for his own safety, and therefore that there was nothing to amend by. To this we can not agree. The petition disclosed that at about 10 o'clock on the night of January 21, 1940, the defendant was driving an International truck loaded with mules, in a southerly direction along the Savannah Road, one of the main streets entering the City of Augusta from the south; that on reaching the Smith Stockyards in the southern part of Augusta he drove said loaded truck off the paved street to the right and west side of said street or road; that he proceeded along said western side in a southerly

direction parallel with said street until he reached a point about forty feet north of the intersection of said street with the Augusta Belt Line Railroad; that he then carelessly and negligently cut said truck sharply to the left and immediately to the east across said street, entirely blocking said street which was about twenty feet in width, and unreasonably obstructing and impeding petitioner's right of travel along said street, who was then and there driving in a northerly direction to the east of the center line of said paved street, at a rate of speed not in excess of thirty miles per hour; that it was then the duty of the defendant to give plaintiff one half of said road, but he failed so to do; that the defendant's truck was twenty-five feet long, with a closed cab over the driver's seat, and immediately back of the cab was a boxed-up truck eight feet high over the chassis which contained the mules; that the defendant blocked the highway and failed to display lights or signals on the truck or to give plaintiff any warning thereof. It was further alleged that said action by defendant was in violation of four distinct ordinances of the City of Augusta, which were set forth in the petition. "That the place on said Savannah Road where said J. H. Minnick drove his truck in an easterly direction across said street was neither an intersecting street nor an alley, nor was it a safe, nor fit, nor proper place to turn across said street, in front of your petitioner; that at the time in question your petitioner was driving a light International pick-up truck along the east side of said paved street in a northerly direction, and upon observing said truck, which was being driven by said defendant, it was across and to the right and east side of the center line of said street and pointing in an easterly direction, whereupon petitioner immediately applied his brakes and pulled his truck to the right and east side of the street, but because of his nearness to said truck upon said eastern side of said street and across the same, he was unable to stop his truck before the front end of it struck the right front side of said Minnick's truck at a point about opposite the right front wheel, wrecking his truck and shattering the windshield." It was further alleged that the plaintiff was without fault and was in the exercise of all ordinary care and caution, and in no wise contributed to the injuries sustained by him. Certain injuries and damages were set forth.

A petition seeking to recover damages on account of alleged

negligence should not be dismissed on the ground that the plaintiff by the exercise of ordinary care could have avoided the consequences of the negligence alleged, unless the petition discloses facts demanding such a conclusion as a matter of law. *Collins* v. *Augusta-Aiken Railway & Electric Corporation,* 13 *Ga. App.* 124 (2) (78 S. E. 944). Every case of this character in its last analysis must be determined on its own facts, and we think the instant petition was not fatally defective as failing to state a cause of action. It sufficiently avers negligence on the part of the defendant, and does not as a matter of law disclose such negligence or want of care on the part of the plaintiff as to bar a recovery. *Mann* v. *Central of Ga. Ry. Co.,* 43 *Ga. App.* 708 (160 S. E. 131). The instant petition plainly, fully, and distinctly set forth facts sufficient to inform the defendant of the grounds of complaint, to enable the jury to find an intelligible and complete verdict, and to enable the court to declare distinctly the law of the case. See Ingram's Georgia Pleading and Practice, 201, § 148. We therefore think the original petition was not subject to demurrer, that it set forth a cause of action, and that the judge did not err in allowing the amendment.

The plaintiff amended the petition by adding that the defendant failed to warn the plaintiff that he was about to cross from the west to the east side of the said street, and when plaintiff reached a point about 75 or 80 feet from the railroad crossing he applied his brakes and slackened his speed in order to ascertain if a train was approaching and if the crossing was clear, and on ascertaining that it was clear he released his brakes, applied the gas, and increased his speed, and when he was in the act of driving off of the crossing, there came within the range of his vision for the first time the defendant's truck which had crossed over the center line, and on seeing said truck for the first time plaintiff immediately applied his brakes and pulled to the right seeking to avoid a collision, but he was unable to do so. He further alleged that his truck was properly equipped with two headlamps and brakes, but he was unable to stop before striking the front of the defendant's truck. "That when said Minnick's truck came within the range of your petitioner's vision it appeared to petitioner that there might possibly be a sufficient distance between the front end of Minnick's truck and a telegraph or light pole, which sat at the eastern edge

of the pavement of said street, through which your petitioner could pass without striking Minnick's truck or the pole, and the distance being so short between petitioner and defendant petitioner knew he would be unable to stop, and pulled to his right with a view to passing between defendant's truck and the pole, but the space was either insufficient or the said Minnick closed in said area by continuing eastward, and your petitioner was unable to avoid running into the front right side of defendant's truck." It was alleged that under a city ordinance it was the defendant's duty to place on the truck a light clearly discernible 200 feet ahead in order to give petitioner notice he was stopping on the highway, but that defendant failed to do so. The defendant renewed his demurrer to the petition as amended on the ground that it set forth no cause of action and showed that the injuries were caused solely by the negligence or want of ordinary care on the part of the plaintiff.

"Where a person traveling along a highway in an automobile receives injuries from a collision between his automobile and one parked on a bridge in the highway, he fails to exercise ordinary care to avoid the injuries and is guilty of negligence which proximately causes the injuries, if he could have seen the parked automobile in time to bring his own automobile under control and avoid the collision." *State Highway Department* v. *Stephens*, 46 *Ga. App.* 359 (167 S. E. 788). In that case the petition alleged that the defendant's automobile was parked on a bridge in a highway, and that when the plaintiff rounded a curve on the highway about the noon hour, in the daytime, he observed the automobile on the bridge, but when he ascertained that the automobile was not moving it was too late for him to stop. It clearly appeared that the injuries were caused by the failure of the plaintiff to exercise proper care. "A person operating an automobile along a public highway in the daytime, who is injured by running into an automobile parked in the highway, which he does not see, is guilty of negligence proximately causing the injury, where the parked automobile is not obscured from his view and comes within his range of vision in time for him to avoid the injury. Ordinary care requires him, under the circumstances, to see the parked automobile in time to avoid the injury." *Fraser* v. *Hunter*, 42 *Ga. App.* 329 (156 S. E. 268). In *Baker* v. *Atlantic Coast Line Railroad Co.*,

52 *Ga. App.* 624 (184 S. E. 381), where the plaintiff was driving at night, and had adjusted the headlamps on his automobile so that the beams of light were lowered and widened, illuminating the sides and surface of the road so that he could better see animals along the highway, this court held: "It appearing from the petition that, after voluntarily deflecting the headlights of his automobile, so that he could not see an unlighted passenger car standing directly in front of him on a public highway until he was 'within ten or fifteen feet' of it, the plaintiff, driving at a speed of thirty miles per hour, with his brakes 'in good working order,' could not avoid striking said car with such force as to wreck his automobile and seriously injure himself, in a legal sense the plaintiff was in the attitude of consenting to the injuries alleged. The court did not err in sustaining the demurrer." Our Code, § 105-603, provides: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." However, it is further provided: "In other cases the defendant is not relieved although the plaintiff may in some way have contributed to the injury sustained."

It is well settled that "Questions as to diligence and negligence, including contributory negligence, and what negligence constitutes the proximate cause of the injury complained of, are questions peculiarly for the jury, such as this court will decline to solve on demurrer except where such questions appear palpably clear, plain, and indisputable." *Southern Ry. Co.* v. *Slaton,* 41 *Ga. App.* 759 (3) (154 S. E. 718). Assuming that the allegations of the petition are true, it is not "palpably clear, plain, and indisputable" that the defendant was guilty of no negligence or that his negligence was not the proximate cause of the injury, or that the plaintiff was negligent, and if so, that his negligence was the proximate cause of the injury. On the contrary, it remained peculiarly a question for the jury to determine, among other things, whether or not the defendant drove his truck across the highway and stopped across the center line without displaying any lights, and contrary to the city ordinances, and if so whether such negligence was the proximate cause of the injury. It was also within their province to determine whether or not under the circumstances the plaintiff himself was guilty of negligence in approaching the crossing, and

under the circumstances in failing to see the defendant's automobile before the time he did, which, according to the allegations of the petition, was too late to avoid a collision. It was the jury's duty, under all the facts and circumstances, if both parties were negligent, to determine whose negligence was the proximate cause of the injury. The judge did not err in overruling the demurrer to the petition as amended.

C. R. Jackson, father of the plaintiff, was placed on the stand by the plaintiff in rebuttal, and examined as to a conversation he had had with the defendant several weeks after the accident. He testified: "I just asked, 'Is that Mr. Minnick?' and he said, 'Yes,' and I said I wanted to meet him. In the first place he said to wait; said he wanted to drive his truck out of the road, and I told him all right. He said, 'I don't want to have another wreck,' and said, 'My truck was parked in the road.' He drove it across the road and stopped, and me and him talked about a half hour, and other things he said out there about the wreck." Defendant's counsel interposed an objection to this testimony, and was apparently attempting to prevent the introduction of the evidence which was the subject of the motion for mistrial, which had been anticipated but which had not as yet been introduced. Counsel for the plaintiff stated he was proving admissions, and then the examination continued: Q. "When Mr. Minnick came out and pulled his truck across the road, he said what?" A. "He said he was driving across the road and the truck come up on the right, and I asked him was a road there, and he said, 'No. Just a driveway.'" Q. "That he was driving across the road and the truck came this way?" A. "Yes, sir." Q. "What else?" A. "He said he had insurance on his truck and . ." Defendant's counsel then objected to that testimony and the court ruled it out. Counsel for the defendant then stated: "I knew that [testimony as to defendant having insurance] was coming." The court: "I rule that out." Defendant's counsel: "Your honor, that is why I wanted to object before they had it out." The court: "I rule it out." Plaintiff's counsel: "Your honor, we merely . . ." The court: "Just keep on two more minutes on that line. Two more minutes." Several other facts were testified to by Jackson, then defendant's counsel stated: "Your honor, we would like at this time to ask for a mistrial. We think the only purpose in

introducing this evidence was to get this [the fact that defendant was insured] in evidence, and it is highly prejudicial to our case. He hasn't testified to any material facts that would change any of the evidence, and that is the most pertinent thing that he has testified to." The court then stated: "He has testified to the effect—I think, in his conversation with Mr. Minnick—to the effect that he was telling how he crossed the road. That is all; and that is all the jury has got to consider or will consider, and [addressing jury] gentlemen of the jury, the testimony along that line is what I left in and what is in." Defendant's counsel: "I would like to have it recorded that we asked for a mistrial." The court: "Well, all of it is recorded." The defendant contends that a new trial should be granted because of the admission of the evidence that the defendant was insured and because of the refusal to grant a mistrial.

In a suit for personal injuries evidence that the defendant is protected by liability insurance is inadmissible as being irrelevant and immaterial, and it is the general rule that a mistrial should be granted where the mere exclusion of such evidence and appropriate instructions from the court to disregard it can not disabuse the prejudicial impression created on the jury. *O'Neill Mfg. Co. v. Pruitt,* 110 *Ga.* 577, 579 (36 S. E. 59) ; *Heinz* v. *Backus,* 34 *Ga. App.* 203 (128 S. E. 915). In this case the court merely stated what evidence should be considered, and made no specific reference that the testimony that the defendant had insurance should not be considered, nor did he make any direct, obvious rebuke of witness or of counsel. The plaintiff's voluntary introduction into evidence that "he [the defendant] had insurance" was calculated to suggest to the jury that any damages found in favor of the plaintiff would be paid by the insurance company and not by the defendant, and was highly prejudicial to the defendant's cause. We think it tended to relax the consciences of the jurors trying the case and render them less responsive to their oaths to do impartial justice between the parties. We do not think the mere exclusion of the evidence, the subtle rebuke of counsel ("Just keep on two more minutes on that line. Two more minutes"), if it could be so called, and the mild direction which the court gave the jury with reference to the evidence, had the effect of disabusing the prejudicial impression this evidence must have created on the minds

of the jury. *Decatur Chevrolet Co.* v. *White,* 51 *Ga. App.* 362 (180 S. E. 377); *General Supply Co.* v. *Toccoa Plumbing Co.,* 138 *Ga.* 219 (75 S. E. 135). The case of *Hudgins Contracting Co.* v. *Smith,* 54 *Ga. App.* 687, 692 (188 S. E. 732), relied on by the defendant in error is distinguishable from the instant case. In that case the court specifically stated to the jury that he would not feel justified in granting a mistrial, but he did instruct the jury to disregard the statement with reference to insurance or to the insurance company, and directed the jury to remove that from their minds. Here the judge gave a mild direction to the evidence generally, and not to the specific evidence as to the insurance, which, as we have said, did not remove its prejudicial effect. *Sims* v. *Martin,* 33 *Ga. App.* 486 (126 S. E. 872), relied on by the defendant in error is likewise distinguishable. In that case the evidence as to the insurance was in a spontaneous exclamation of the driver of the automobile, immediately after the collision, that he was covered. by insurance and that it was his fault, and it was admissible as part of the res gestæ. Here the conversation occurred several weeks after the accident, and the defendant told the witness (who was the plaintiff's father) that he had insurance.

Nor do we think that allowing the evidence as to the insurance was harmless because the jury had been notified that the defendant carried insurance in that they had been purged before the beginning of the trial in the following manner: "Gentlemen, are any of you related by blood or marriage to Charles Jackson, or John B. Reel, or J. H. Minnick, or the Great American Insurance Company?" to which there was no response, and then the judge ordered the parties to strike a jury. It is true that it is proper to purge the jury with reference to an indemnity company that has agreed to indemnify the defendant in a suit against such defendant where there is a bona fide effort to preserve the right of trial by an impartial jury in respect to such indemnity company, and the purge is not in bad faith and merely for the purpose of conveying to the jury the information that the defendant is protected by liability insurance. *Atlanta Coach Co.* v. *Cobb,* 178 *Ga.* 544, 549 (174 S. E. 131); *Bibb Mfg. Co.* v. *Williams,* 36 *Ga. App.* 605, 607 (137 S. E. 636); *Coleman* v. *Newsome,* 179 *Ga.* 47 (174 S. E. 923). The purge of the jury, nothing to the contrary appearing, was proper, but the fact that the jurors had been questioned on

their voir dire as to their interest in the insurance company is no justification for the injection of insurance into the case by the plaintiff on the trial. The purpose of the question in purging the jury was to obtain a jury that was free from bias, prejudice, or interest that would affect their verdict, and thereby prevent the very prejudice in the minds of the jury that the evidence complained of was calculated to instill. Mangino v. Bonslett, 109 Cal. App. 205 (292 Pac. 1006, 1009) ; 64 C. J. 106, § 111. The judge therefore erred in refusing to declare a mistrial.

Ground 5 complains that the verdict was excessive and contrary to law and equity. The judgment being reversed on another ground, this ground will not be considered.

Ground 6 complains that the judge erred in refusing to give the following request to charge: "I charge you that the law places a duty on the plaintiff to keep a lookout for vehicles on the road ahead of him, and he has no right to assume that the road is clear, but he must keep a vigilant lookout ahead for traffic, and should you find defendant's truck had blocked the street, and should you further find that there was nothing to prevent the plaintiff from seeing the defendant's truck in time to avoid striking it in the exercise of ordinary care, then I charge you that the plaintiff can not recover. This is true even if you find that the defendant in blocking the highway was guilty of negligence in doing so. [In other words, if you find that the plaintiff in the exercise of ordinary care and diligence, could have avoided the consequences of any act of negligence with which the defendent is charged, then, gentlemen, the plaintiff can not recover.]" The judge in effect charged that portion of the request in brackets. The plaintiff himself testified he could see about 100 feet down the road, and that he knew the physical circumstances surrounding the point where the collision occurred, and had been out on that road before and to the same stock yard to deliver cattle. The evidence showed that the road was straight at the point where the collision occurred, and there was no evidence of physical obstruction to hide the plaintiff's view. Under *O'Dowd* v. *Newnham,* 13 *Ga. App.* 220 (80 S. E. 36), and *Eubanks* v. *Mullis,* 51 *Ga. App.* 728, 731 (181 S. E. 604), the request was a correct statement of the law, and under the evidence the judge should have charged as requested.

Ground 7 complains that the judge should have charged as re-

quested as follows: "If you find, gentlemen, that the plaintiff, by his actions in driving his truck at the time and place of the accident, knowingly and voluntarily assumed a position of imminent danger, he, the plaintiff, can not recover, even though plaintiff's damage may have been in part due to defendant's negligence." The plaintiff contending that the injury was caused solely by the defendant's carelessness and negligence, it would have been improper for the court to have referred to the incident as an "accident." *Southern Ry. Co.* v. *Hill,* 125 *Ga.* 354, 361 (54 S. E. 113).

Ground 8 contends that the judge erred in failing on proper request to give the following charge to the jury: ["Gentlemen of the jury, I charge you that a person, while grossly negligent himself, has no legal right to count on due diligence by others, but is bound to anticipate that others, like he has done, may fail in diligence, and must guard not only against negligence on their part, which he might discover in time to avoid the consequences, but also against the ordinary danger of there being negligence which he might not discover until too late.] That is to say, gentlemen, if you should find that the plaintiff at the time of this accident was grossly negligent in operating his truck upon a highway in the City of Augusta carelessly and heedlessly, in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection, and at a speed or in a manner so as to endanger or be likely to endanger any person or property, or at a rate of speed in excess of fifteen miles per hour authorized by city ordinance, you should find a verdict for the defendant, even though you find that the defendant may too have been negligent." The portion of the request set out in the brackets is a correct principle of law as was stated by Justice Bleckley in *Central Railroad & Banking Co.* v. *Smith,* 78 *Ga.* 694, 700 (3 S. E. 397). However, it will be noted that in applying the rule to the facts of this case, counsel for the defendant stated the rule in the disjunctive, and as such was seeking to have the court charge the jury that if the plaintiff at the time of the collision operated his truck "at a rate of speed in excess of fifteen miles per hour authorized by city ordinance, you should find for the defendant even though you find that the defendant may too have been negligent." The mere fact that the plaintiff was violating a speed regulation would not necessarily and as a matter of law preclude a recovery.

564

*Mann* v. *Central of Ga. Ry. Co.,* 43 *Ga. App.* 708, 714 (160 S. E. 131), and cit. The request not being correct in its entirety, the judge did not err in refusing to give it in charge.

Ground 9 is not argued in the plaintiff in error's brief and will be considered as abandoned.

Grounds 10, 11, 12, 13, and 14 complain that the judge erred in giving in charge certain ordinances of the City of Augusta, because they are not applicable or pertinent to the facts or the issues involved, in that they were not based on any evidence, were unwarranted by the evidence, and were unquestionably calculated to confuse and mislead the jury. Ground 14 complains of the following excerpt from the charge: "While I have given you, gentlemen of the jury, many of the ordinances in charge, if the evidence—if you find from the evidence that those ordinances, either one of them, or whatever one, if any, wasn't violated, and that there was no evidence to sustain it, just forget it. Look to the evidence and see, gentlemen, where the truth of the case lies." The grounds are not meritorious. The ordinances were set forth in the petition, to which no demurrer on this ground was interposed, and they were introduced in evidence without objection. It was therefore proper for the court to charge on their legal effect. *Folds* v. *Augusta,* 40 *Ga. App.* 827, 829 (151 S. E. 685), and cit.

The judgment being reversed on another ground the general grounds will not be considered.

*Judgment reversed.* *Broyles, C. J., and Gardner, J., concur.*