33438. WOOD *et al. v.* VENABLE.

DECIDED MARCH 15, 1951.

*John L. Green, James Barrow,* for plaintiffs in error.
*George W. Westmoreland,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The special ground of the amended motion contends that the trial court erred in refusing to grant a motion for a mistrial. It recites in substance that the petition as originally drawn contained the allegation that "Mr. Reeves, agent of National Utilities, was present when said house burned and stated as follows: 'The Company would investigate, and if the fire was caused by gas, they would pay the damage; that they carried liability insurance up to $50,000.' " This allegation was stricken on demurrer and the petition rewritten to physically delete it. "Thereafter the case came on for trial, and the plaintiff attempted to testify regarding the allegation quoted above which had been stricken from the petition. The court directed the jury to withdraw, and in the jury's absence the plaintiff testified that Reeves . . stated that the fire would be investigated and that, if they were at fault, they would pay for it, as they had $50,000 insurance. The court ruled out this testimony, recalled the jury and the trial proceeded." Subsequently the jury was directed to withdraw during the testimony of the witness

Reeves, the same question was asked of him, and the testimony was ruled out. While the jury was still out, the plaintiff was recalled to the stand and again testified concerning the $50,000 insurance, and his testimony was again ruled out. The jury was again recalled. The plaintiff's counsel then asked the plaintiff, "Did he [Reeves] tell you that he would make an investigation?" to which the plaintiff replied, "He said he would go back to the company and have them send an investigator down there and check it and said they had fifty thousand dollars insurance, up to fifty thousand dollars I believe he said the company had."

Counsel for the defendant immediately moved for a mistrial. The court adjourned for lunch without ruling on this question, but after the jury reassembled, approximately an hour and a half later, refused to grant the mistrial and instructed the jury as follows: "Gentlemen, the court will not declare a mistrial in this case on motion of counsel, but you are instructed that you will not be influenced in any manner by any remark or evidence by any witness or any person as to any insurance, and that will in no wise affect your consideration of this case and you will erase that from your minds completely; it is not in the case and it's not proper to even mention it."

From the sequence of events, this court cannot but consider that, after four attempts by the trial court to keep out any reference to insurance, three of them in the plaintiff's presence, and two directed against the plaintiff's own testimony, he was well informed as to the court's ruling and his injection of insurance which was not responsive to the question is subject to only one logical explanation, that the plaintiff was seeking to benefit his case by testimony which he knew at the time was prejudicial, inadmissible, and improper. In *O'Neill Mfg. Co. v. Pruitt*, 110 *Ga.* 577, 578 (36 S. E. 59), where we first find mention of the subject, the court held the question not properly presented. However, the opinion contains the following *obiter* by Justice Simmons: "Speaking for myself, I think that in such case the mistrial should have been granted. It is highly improper . . While the court did all that could be done to disabuse [the jury] of this impression, it must still have lingered in their minds. The most effectual way to stop such conduct

on the part of counsel is for the trial judge to grant a mistrial whenever it occurs and a motion for a mistrial is made." In *Heinz* v. *Backus,* 34 *Ga. App.* 203 (2) (128 S. E. 915), the court cited the above case and held that, where the prejudicial impression created on the jury cannot be obviated, a mistrial should be granted. In *Decatur Chevrolet Co.* v. *White,* 51 *Ga. App.* 362 (180 S. E. 377), the testimony of the plaintiff, not directly elicited by any question, was that "Mr. Costley said . . he would report it to the insurance company"; and it was held reversible error not to grant a mistrial. See also *Minnick* v. *Jackson,* 64 *Ga. App.* 554 (2) (13 S. E. 2d, 891); *Barbre* v. *Scott,* 75 *Ga. App.* 524, 532 (43 S. E. 2d, 760); *General Supply Co.* v. *Toccoa Plumbing Co.,* 138 *Ga.* 219 (75 S. E. 135); *A. G. Boone Co.* v. *Owens,* 54 *Ga. App.* 379, 382 (187 S. E. 899); *Bibb Mfg. Co.* v. *Williams,* 36 *Ga. App.* 605, 607 (137 S. E. 636). In the present case, the evidence was, at the very best, weak and unsatisfactory, if not insufficient to support a verdict for any amount. The verdict returned by the jury was for an amount not authorized by any evidence. The plaintiff was well informed by the court that the evidence as to insurance was inadmissible, and apparently deliberately injected it into the case. While there are cases in which mention of insurance is not error because such evidence is relevant for some other reason (*Atlanta Coach Co.* v. *Cobb,* 178 *Ga.* 544, 549, 174 S. E. 131; *Ficklen* v. *Watkins,* 49 *Ga. App.* 779 (1), 176 S. E. 541), and others in which it could not be said—in view of the circumstances of the case and prompt, vigorous, and emphatic action of the court— that there was any probability that harm resulted from the injection of the irrelevant matter (*Chunn* v. *McRae,* 43 *Ga. App.* 417, 420, 159 S. E. 130), the facts here indicate both an intentional disregard of the court's instructions and a great likelihood that the jury was prejudiced thereby. The failure of the trial court to grant the motion for a mistrial is, in consequence, reversible error.

■ As the case is being reversed on the special ground, the general grounds of the motion for a new trial are not passed upon, since it is not known what evidence will be introduced on another trial.

The trial court erred in overruling the motion for a new trial.

*Judgment reversed. MacIntyre, P.J., and Gardner, J., concur.*