34716.   BUREL *v.* DEMPSEY.

DECIDED OCTOBER 10, 1953.

*Johnson, Hatcher & Meyerson, Henry M. Hatcher, Jr.,* for plaintiff in error.

*H. O. Hubert, Jr.,* contra.

GARDNER, P. J. ■ The first six special grounds are so interrelated that we will deal with them together. Before doing so, we will observe that the pleadings in the instant case raise only one issue, and that is whether the defendant was negligent in allegedly causing the damage by smoke and fire to the dwelling house of the plaintiff.

■ Under special ground 1, during counsel's opening statement, counsel stated to the jury that the plaintiff had admitted that he carried insurance on his house and had told the defendant that he was going to make the insurance company come out and fix up his house and put it in a better condition than it was before, and that he did not blame the defendant. Counsel for the plaintiff immediately moved for a mistrial on the ground that insurance was not involved in the issue before the jury, and that the attorney for the defendant was improperly putting the question of insurance before the jury; whereupon the court said that the statement of counsel as to fixing up the house the court would let remain in, but that the question of insurance would be withdrawn from the jury, because there was no insurance involved in this case. Thereupon, a colloquy occurred between the court and counsel for both parties. It was to the effect that the defendant's counsel would offer evidence during the trial as to the truth of his statements regarding insurance, and counsel for the plaintiff stated that if such were done, he would make a motion for mistrial. The court then in effect instructed counsel for the defendant to go ahead with his statement to the jury, but stated that up to this stage the statement regarding insurance was withdrawn from the consideration of the jury. The court instructed counsel for the defendant to go ahead and see what developed. Counsel for the plaintiff assigns error on what happened as set forth in this special ground, because it is alleged

■

that prejudice was lodged within the minds of the jury concerning irrelevant matter which the court did not by any means erase from the charge.

Special ground 2 assigns error because during the trial and while the defendant was on the stand and over objection of counsel for the plaintiff, the court permitted the defendant to testify: "I saw Mr. Burel again and he told me the insurance people had been out there. Mr. Burel told me in the presence of my father, he said, 'You don't need to worry about anything, I am protected by insurance.' And I said I did not think it was my fault." To this objection on the part of counsel for the plaintiff the court stated: "That is simply conversation with this man. That don't cut any ice one way or the other, he is testifying what happened,—go ahead." Error is assigned on this ground, contending that the court erred in making the statement quoted hereinabove.

Special ground 3 assigns error because the defendant, over objections of counsel for the plaintiff, was permitted to testify again: "I saw Mr. Burel again and he told me the insurance people had been out there," whereupon the court stated: "That is simply conversation with this man. That don't cut any ice one way or the other, he is testifying what happened—go ahead." Error is assigned upon this ruling, because there is no insurance company a party; that the gist of the suit was one for damages for the alleged negligence in the burning of the plaintiff's dwelling; and that such was highly prejudicial.

Special ground 4 assigns error because the defendant was permitted to testify, over objections: "Mr. Burel told me in the presence of my father, he said, 'You don't need to worry about anything, I am protected by insurance.' And I said I did not think it was my fault." The court overruled the objections to this testimony, and the assignments of error are practically the same as in the special grounds hereinabove mentioned.

Special ground 5 complains because the defendant was permitted to testify the following: "Mr. Burel has never mentioned anything to me at all about what was to be done to his house any more that he said, 'Mr. Dempsey you need not worry about this, I don't think anything will happen at all, I have

insurance on my property.'" Counsel promptly moved for a mistrial. The court stated to counsel for the plaintiff as follows: "I have ruled on your motion for a mistrial, because I think what he said a while ago is relevant, just don't mention insurance any more." The assignments of error of counsel for the plaintiff to the judgment of the court were duly, formally, and properly made, and error was properly assigned thereupon to bring it to the attention of this court.

Special ground 6 complains because, during the final argument to the jury counsel for the defendant argued that the defendant was not an insurer and could not be held liable on the same basis as an insurance company could be held liable; and that, if the plaintiff had insurance, he should have called upon the insurance company and should not have called upon the defendant; and that the defendant could be held liable only on some ground of negligence. Counsel for the defendant again moved for a mistrial. A colloquy followed between the court and counsel. The court finally overruled the motion for a mistrial and stated: "And you [meaning counsel for the plaintiff] will get a fair trial. That question of insurance has been here all day, he has a right to draw his own conclusion." Assignments of error on this ground are to the ruling of the judge overruling the motion for a mistrial. These are made in due order and are amply sufficient to present this question for the determination of this court.

In each of the special grounds, 1 through 6 inclusive, the court committed reversible error in overruling the motions. In our opinion the question is controlled by the case of *Wood* v. *Venable*, 83 *Ga. App.* 498 (64 S. E. 2d 387). See also *General Supply Co.* v. *Toccoa Plumbing Co.*, 138 *Ga.* 219 (75 S. E. 135). In this connection our attention is called in the brief and argument of counsel for each party to *Wade* v. *Drinkard*, 76 *Ga. App.* 159, 164 (45 S. E. 2d 231). A casual reading of that case shows that it has very little similarity, if any, to the facts in the instant case. It does show, however, that the statements there made by the defendant, Drinkard, were made at the scene of the occurrence as a part the res gestae, and that the mention of insurance was an integral part of the admission by Drinkard of liability. That case is not authority which would authorize this

court to affirm the trial court in the rulings shown by the assignments of error in special grounds 1 through 6 inclusive.

Special ground 7 assigns error on an excerpt from the charge of the court as to proximate cause. While the charge was not altogether accurate, this error is not likely to occur on another trial.

Special ground 8 is to the same effect, and this error will not likely occur on another trial.

Special ground 9 assigns error on an excerpt from the charge, to the effect that, if the plaintiff could have avoided to himself the consequences of the defendant's negligence, if any, after it arose and was impending, if such negligence could have been discovered by the plaintiff and if he could have avoided to himself the consequences of the defendant's negligence, the plaintiff could not recover. This charge was not authorized either by the pleadings or by the evidence.

Special ground 10 complains because of an excerpt from the charge. The court charged on the principle of law covering comparative negligence and, in connection therewith, contributory negligence. The charge on this principle of law was not sustained by the pleadings or by the evidence.

As stated in the outset, the only issue made by the pleadings in the case was whether or not the damage to the plaintiff's house was caused by the negligence of the defendant.

The court erred in denying the motion for a new trial, and that judgment is

*Reversed. Townsend and Carlisle, JJ., concur.*