41724.   SOUTHERN POULTRY COMPANY, INC. v. FLETCHER.

ARGUED JANUARY 4, 1966—DECIDED MARCH 10, 1966— REHEARING DENIED MARCH 23, 1966—

*William L. Preston, Terrell W. Benton, Jr., Stewart, Sartain & Carey, Joe B. Sartain, Jr.,* for appellant.

*Davis & Davidson, Jack S. Davidson, Thomas W. Ridgway,* for appellee.

FELTON, Chief Judge. Appellant has waived all grounds of his appeal except that the statement of the attorney relative to insurance required the grant of a new trial and that no proper reprimand and instructions would remove the effect of the reference to insurance. The jury was qualified as to one insurance company. There was no cross action by the defendant. In the absence of some special circumstances showing the interest of one insurance company in the plaintiff's recovery it will be assumed that the court and jury understood that the defendant held a policy of insurance issued by the company with reference to which the jury was qualified. The trial judge was of the opinion that the reference to insurance by the attorney for the plaintiff was incidental. We concur in that view. What was foremost in the attorney's mind was that a lawyer who was also an insurance investigator should see to it that witnesses who knew facts which tended to disprove contentions by the other party to a case should see that they are present to testify. Whether a lawyer is an insurance investigator or not he should know he should present the best case he can to a jury. The court's statement to the jury was sufficient to remove from the case the fact that the defendant's lawyer was an insurance investigator. There simply was no evidence of it. Whether it hurt the defendant is extremely doubtful. The facts of this case put it in the class of cases exemplified by *Steinmetz v. Chambley,* 90 Ga. App. 519 (5) (83 SE2d 318), and *Bramlett v. Hulsey,* 98 Ga. App. 39, 42 (104 SE2d 614). See also *Houston v. Taylor,* 50 Ga. App. 811, 814 (179 SE 207). If the attorney in this case had emphasized the fact that the defendant was insured, by insidious intention and design, we would have a different case. The question of the grant of a mistrial is largely in the discretion of the trial judge and in this case we do not think that he abused the discretion by denying the motion for a mistrial.

The court did not err in overruling the motions for a mistrial. *Judgment affirmed. Frankum and Pannell, JJ., concur.*