### 44447. WALLACE v. CATES.

BELL, Presiding Judge. In this suit for damages arising out of an automobile collision, the plaintiff in testifying volunteered that the defendant had liability insurance. The defense counsel, out of the presence of the jury, moved for a mistrial. The court denied the motion and immediately, in the presence of the jury, firmly rebuked the plaintiff and his counsel and emphatically instructed the jury to disregard the statement and not to allow the matter to have any weight whatsoever in their decision in the case. Following completion of the trial, the defendant filed a motion for a new trial assigning as error the trial court's refusal to grant a mistrial. In this appeal error is enumerated on the denial of each of the motions. In Georgia the injection into a case of testimony pertaining to liability insurance does not automatically require a grant of a motion for a mistrial. It is only where the testimony is so obviously prejudicial in its nature that its adverse effect cannot be eradicated from the minds of the jury or its consequences avoided by proper cautionary instructions from the court, that a mistrial should be granted. *Steinmetz v. Chambley,* 90 Ga. App. 519 (5) (83 SE2d 318). Accord *Sims v. Martin,* 33 Ga. App. 486 (126 SE 872); *Heinz v. Backus,* 34 Ga. App. 203 (128 SE 915); *A. G. Boone Co. v. Owens,* 54 Ga. App. 379 (187 SE 899); *Hudgins Contracting Co. v. Smith,* 54 Ga. App. 687 (188 SE 732); *Barbre v. Scott,* 75 Ga. App. 524, 530 (43 SE2d 760); *Wade v. Drinkard,* 76 Ga. App. 159 (5) (45 SE2d 231); *Pruitt v. Pierce,* 100 Ga. App. 808 (112 SE2d 327); *Southern Poultry Co. v. Fletcher,* 113 Ga. App. 374 (147 SE2d 870). The determination as to whether these harmful factors are present in a case necessarily rests in the discretion of the trial judge. Appellate courts should never interfere with the exercise of that discretion unless it is made to appear that wrong or oppression has resulted from its abuse. This principle is historically respected in this jurisdiction. *Williamson v. Lunsford,* 119 Ga. App. 240 (166 SE2d 622). In this case the trial judge twice exercised discretion in deter-

mining that the volunteered testimony as to liability insurance was not harmful or prejudicial to defendant—once during the course of the trial when the motion was made and again following completion of the trial when he denied the motion for new trial based solely on the point. Under the facts of this case we cannot say the judge abused his discretion. In cases where reversals have occurred such as *Decatur Chevrolet Co. v. White,* 51 Ga. App. 362 (180 SE 377); *Minnick v. Jackson,* 64 Ga. App. 554 (13 SE2d 891); *Burel v. Dempsey,* 88 Ga. App. 864 (78 SE2d 58) and *General Supply Co. v. Toccoa Plumbing Co.,* 138 Ga. 219 (75 SE 135), the trial court merely ruled out volunteered testimony as to insurance or did not promptly and vigorously reprimand plaintiff or his counsel or instruct the jury to disabuse their minds of any prejudice which may have arisen because of the testimony. In *Wood v. Venable,* 83 Ga. App. 498 (64 SE2d 387) the reversal was predicated on the simple fact that the verdict was not authorized by the evidence.

*Judgment affirmed. Deen, J., concurs. Eberhardt, J., concurs specially.*

Submitted May 6, 1969—Decided September 2, 1969.

*Norton, Cooper, Lang & Stowers, Edward Lang,* for appellant.

Eberhardt, Judge, concurring specially. While I must agree that the cases cited in the opinion fully support the conclusion reached, my own view of the matter is better expressed by Justice Simmons in *O'Neill Mfg. Co. v. Pruitt,* 110 Ga. 577 (36 SE 59), a case in which plaintiff's counsel undertook to show by a witness that if the defendant were held liable for the injury, an insurance company would pay the verdict. Justice Simmons observed: "While the court did all that could be done to disabuse [the jury] of this impression, it must still have lingered in their minds. The most effectual way to stop such conduct on the part of counsel [or of a witness who deliberately injects the matter of insurance into a trial] is for the trial judge to grant a mistrial, whenever it occurs and a motion for a mistrial is made." P. 579. When we assume that the prejudices of a jury, inherently existing when the matter is injected, can be effectively erased by an admonition to disregard it or even

by a rebuke of counsel or of the witness, we do as the ostrich which, seeking to escape the fury of a sandstorm, buries its head in the sand and pretends that the storm is no longer present. In the interest of fair trials it should be kept out.