43674. THOMAS MILLING COMPANY v. BRANCH.

ARGUED JUNE 3, 1968—DECIDED DECEMBER 12, 1968— REHEARING DENIED DECEMBER 20, 1968—

*Sharpe, Sharpe, Hartley & Newton, T. Malone Sharpe, W. Ward Newton,* for appellant.

*J. H. Highsmith, Gordon Knox, Jr., William G. Grant,* for appellee.

WHITMAN, Judge. ■ The first of appellant's enumeration of errors is that: "The court erred in refusing to declare a mistrial due to the improper argument and remarks of plaintiff's counsel made at the time of his opening statement to the jury, said argument and remarks improperly, harmfully and prejudicially injecting the issue of insurance coverage and limits. . ."

The motion for mistrial was predicated upon the fact that after the jury had been qualified by the trial judge as to whether any of them were stockholders, employees, agents or officers of the Continental Insurance Company (the defendant's liability insurance carrier), the plaintiff's counsel, in his opening statement to the jury, and after stating what he expected to prove, concluded by saying: "We have kept this under—the suit, for our own reasons, we are suing for $99,995. We kept it under the $100,000 for our own reasons. Now, gentlemen, we say he is entitled if you figure his actual damage and if you figure what a man would suffer for the rest of his life, which the law says will be at least 19 years, every day of his life, every step he takes, that we are not asking for too much and we say that he is entitled to every penny of the $99,995. Thank you."

It was contended in the motion for mistrial that the remarks were cleverly designed to indirectly inject the existence of liability insurance into the case, as well as the amount of insurance; that they in fact did so; and that they were highly prejudicial to the rights of the defendant.

We believe the remarks to which our attention has been directed come within the proscription of the cases. The court erred in not granting the appellant's motion for a mistrial because of the appellee's attorney's opening statement to the jury in which he stated in substance that the amount sued for had been kept under $100,000 for appellee's own reasons. The matter of insurance had been legally put into the case by the qualification of the jury. The qualification of the jury as to Continental Insurance Company, not a party to the suit, coupled with the statement of plaintiff's counsel that "we kept it (the suit) under *the* $100,000 for our own reasons", justified the inference that defendant was insured. (Emphasis supplied.) The amount of insurance was unknown and the statement objected to could easily have suggested to the jury that the insurance policy had a maximum limit of $100,000 and could have caused jurors, consciously or unconsciously, to permit the amount of insurance to influence the amount of their verdict. There was no admonition to the jury nor rebuke of counsel. We do not intend to intimate that admonition and rebuke of counsel

would have cured the damage for we have neither words of admonition nor of rebuke to pass judgment on. All we can do is pass on the facts of this case. We think the statement was improper, harmful and ground for mistrial. As was stated by the court in *O'Neill Mfg. Co. v. Pruitt*, 110 Ga. 577, 579 (36 SE 59): "The most effectual way to stop such conduct on the part of counsel is for the trial judge to grant a mistrial, whenever it occurs and a motion for a mistrial is made."

■ The second headnote needs no discussion.

■ The last enumeration of error relates to certain portions of the court's charge to the jury which are contended to have been unnecessarily repetitious and given without interruption or qualification. We have reviewed those portions of the charge complained of and find this enumeration of error to be without merit.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*