139 N.J. Super. 307 (1976)
353 A.2d 558
CYRUS L. SESKINE, PLAINTIFF,
v.
JOHN R. CONE ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 22, 1976.
*308 Mr. Steven Warm for plaintiff.
Mr. Timothy E. Annin for defendants (Messrs. Parker, McCay & Criscuolo, attorneys).
W. THOMAS McGANN, J.S.C.
After carefully considering counsels' briefs and arguments on plaintiff's motion for new trial in the above entitled matter, I have concluded that the motion should be denied.
At the completion of the plaintiff's case, a motion to dismiss by the defendants was allowed.
It is urged by the plaintiff that there should not have been a dismissal of his action on the theory that failure to meet the prescription of N.J.S.A. 39:6A-8 which deals with "tort exemption; limitation on the right to damages" *309 under our so-called "No Fault" statute, on the claim that defendants failed to affirmatively plead the defense of failure to meet the jurisdictional threshold, citing the recent case of Fennell v. Ferreira, 133 N.J. Super. 63 (Law Div. 1975). Fennell holds in effect a "tort exemption" is an affirmative defense that must be pleaded as are other affirmative defenses. It is further argued that such a defense, if not set out in the pleadings, should be raised by pretrial motion.
Plaintiff in his complaint alleges a permanent injury[1] and disability which, if it were true, would satisfy the prescription of the statute. Defendants, in preparing their answer, had a legitimate basis to accept such allegation at face value and, therefore, had no absolute duty to affirmatively plead the statutory exemptions.
Under modern practice an attorney has a right to presume that allegations in a complaint were made in good faith and that, within reasonable bounds they have a factual basis in order to serve the ends of justice.
In the case of Grobart v. Society for Establishing Useful Mfrs., 2 N.J. 136 (1949), Chief Justice Vanderbilt succinctly stated:
The common law has been saved from the excesses of special pleading and especially its verbosity and technicalities, and nowhere more effectively than in New Jersey, but in the process the substantive law has not been changed. On the contrary, it has been preserved and our procedure has been made to serve the ends of substantial justice, not by abandoning stating the essentials of a cause of action or of a defense, but by doing so in `simple, concise and direct terms', * * *." [at 151-152, emphasis supplied]
When the plaintiff's proofs clearly failed to establish a permanent injury, defendants had the right to invoke the protection of the statute, which in part provides:
*310 There shall be no exemption from tort liability if the injured party has sustained death, permanent disability, permanent significant disfigurement, permanent loss of any bodily function or loss of a body member in whole or in part, regardless of the right of any person to receive benefits under section 4 of this Act.
Furthermore, plaintiff was unable to prove that he had incurred "reasonable and necessary treatment of such bodily injury of $200.00 or more, exclusive of hospital expenses, Xrays and other diagnostic medical expenses". See N.J.S.A. 39:6A-8. He thus failed to meet the required statutory threshold.
There was no evidence of surprise because plaintiff and his attorney were at all times in a better position to know exactly the nature and extent of the injuries and the amounts and costs of reasonable and necessary treatment, far better than defendants.
Moreover, if we examine R. 4:5-4 dealing with affirmative defenses, we find that it sets out a great number of defenses that must be pleaded affirmatively, but there is no mention of the need to affirmatively set forth as a defense the failure to meet the procedural prescription as set out in the statute in question.
The facts in this case fail to show any evidence of a permanent injury and likewise fail to show medical treatment to meet the negative criteria set out in N.J.S.A. 39:6A-8. In short, as the evidence clearly indicates, plaintiff failed to meet the statutory sine qua non.
Accordingly, an order will be allowed.
NOTES
[1] In the first count, par. 4, of the complaint there is the following averment:

"As a result of the defendant's negligence, carelessness and recklessness, the plaintiff was seriously and permanently injured and disabled, caused to incur great medical expense, to suffer great pain and anxiety and to lose wages."