## 55301. MANNING v. POWELL.

SHULMAN, Judge.

Plaintiff-pedestrian was injured when he was struck by an automobile owned by a third party and operated by defendant-driver. This appeal follows the grant of directed verdict in favor of defendant-driver on the grounds that plaintiff failed to establish any of the threshold requirements of Code Ann. § 56-3410b (a) for recovery of non-economic loss. We reverse the judgment.

1. Appellant's contention that the directed verdict was inappropriate because appellee failed to prove his status as an insured person who was entitled to assert the exemption of Code Ann. § 56-3410b (a) is meritorious.

A. "As used in the no-fault statute. . .and under the alleged facts, plaintiff is an insured only if he is a pedestrian struck by the insured vehicle. See Code Ann. § 56-3402b." *Prince v. Cotton States Mut. Ins. Co.,* 143 Ga. App. 512, 513 (239 SE2d 198).

B. The issue presented, then, is whether the vehicle involved in the instant case was an insured vehicle. We are confronted with a case of first impression: How must the fact of insurance, or lack thereof, be proven?

This court concludes that the exemption from tort liability afforded by our no-fault law is one that the plaintiff does not have to negative, but defendant must prove. See Fennell v. Ferreira, 133 N. J. Super. 63 (335 A2d 84).

"Accordingly, defendant has the burden of showing that the exemption is applicable. The first step is to show that the [plaintiff has] a status to which the exemption applies. . .The second step in the process [is] to plead the exemption and, if an assertion is made as to its applicability by motion for summary judgment, to establish by undisputed facts the exemption. . ." Fennell v. Ferreira, supra, p. 69. See generally Seskine v. Cone, 139 N. J. Super. 307 (353 A2d 558) (no requirement that no-fault exemption be pled as affirmative defense); Morell

v. Vargas, 83 Misc. 2d 30 (371 NYS2d 828) (general denial sufficient to raise issue of exemption); Wooten v. Collins, 327 S2d 795 (Fla. App.) (denial of plaintiff's allegation sufficient to raise issue of exemption under Florida no-fault statute; not affirmative defense because defendant cannot be required to prove plaintiff failed to satisfy threshold).

Ordinarily, the existence of insurance is not a proper subject to be injected into trials. However, in the type of case before us the statute itself requires proof of insurance and the only way the fact of insurance may be proven is by an admission or tender of the policy. Unfortunately for appellee, the insurance policy was neither admitted nor tendered into evidence and therefore was not properly proven.

In this type case, it is not only proper to inject the question of insurance, but it is also necessary. For other areas in our law where the question of insurance may be injected into trials, see Code Ann. § 68-612, and *Cox v. DeJarnette,* 104 Ga. App. 664 (123 SE2d 16).

2. The defendant here did not plead the exemption as a defense. His failure to do so under the facts of this case does not, of itself, require reversal.

A. "Plaintiff in his complaint alleges a permanent injury ["severe and permanent bodily injuries"]. . . which, if it were true, would satisfy the prescription of the statute. [See *Griffin v. Wittfeld,* 143 Ga. App. 485 (2) (238 SE2d 589)]. [Defendant], in preparing [his] answer, had a legitimate basis to accept such allegation at face value and, therefore, had no absolute duty to affirmatively plead the statutory exemptions." Seskine, supra, p. 309.

B. While there are sworn answers to interrogatories in the record disclosing that the owner of the automobile involved was in fact an insured person, these documents were never formally introduced into evidence and therefore cannot be considered as evidence. *Fender v. Colonial Stores, Inc.,* 138 Ga. App. 31, 37 (225 SE2d 691). This rule is a sound one, for to hold otherwise would be to open the door to inadmissible evidence and to destroy the right of cross examination. The holding in *Heavey v. Security Mgt. Co.,* 129 Ga. App. 83 (198 SE2d 694) that "the sworn answers to interrogatories" demanded a

particular verdict is not in conflict, because there the court was authorized by the express stipulation of counsel to consider the sworn answers to interrogatories. Thus, the stipulation in *Heavey* was tantamount to a tendering and an acceptance of the sworn answers to interrogatories as evidence.

As defendant did not make a competent evidentiary showing that the plaintiff was insured, it was error to direct a verdict for the defendant.

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

ARGUED JANUARY 30, 1978 — DECIDED JUNE 19, 1978 — REHEARING DENIED JULY 10, 1978 — ▮▮▮▮▮▮▮

*Jack Dorsey,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Morris Weinberg, Jr.,* for appellee.