## 56615, 56616. CASON v. COLUMBUS, GEORGIA et al.; and vice versa.

McMurray, Judge.

This is a suit for damages arising from a collision between an automobile operated by plaintiff Nell W. Cason and a street sweeper owned by defendant Columbus, Georgia, operated by defendant Laney. Plaintiff's complaint as amended alleged negligence and that the manner in which defendant Columbus, Georgia routinely operated its street sweepers constituted a nuisance which resulted in her injuries. The trial court directed the verdict in favor of defendants as to the nuisance issue, and the jury returned a verdict of $500,000 in favor of plaintiff on the negligence issue. The trial court reduced the judgment against the defendant Columbus, Georgia, to $100,000 reciting that this sum is the maximum applicable limit of liability insurance coverage and that the reduction was made pursuant to and in accordance with Code Ann. § 56-2437 (Ga. L. 1960, pp. 289, 673).

Plaintiff appeals (No. 56615), contending the trial court erred in reducing the amount of the judgment and in directing the verdict on the issue of nuisance in favor of defendants. Defendants cross appealed (No. 56616), enumerating errors in the charge to the jury, and contending that the verdict rendered was excessive as a matter of law and unsupported by the evidence. *Held:*

1. Where a municipal corporation has acquired motor vehicle liability insurance the governmental immunity of that municipal corporation is waived to the extent of the amount of insurance so purchased. Neither the municipal corporation nor its insuring company shall plead governmental immunity as a defense and may make only such defenses as could be made if the municipal corporation were a private person. See Code Ann. § 56-2437 (2), supra. Therefore, the defendant Columbus, Georgia has not failed in any duty to raise the issue of governmental immunity at trial. Nevertheless, the trial

court must have evidence with which to mold its judgment to conform to Code Ann. § 56-2437, supra. See *Dowling v. Camden County,* 113 Ga. App. 34 (1) (146 SE2d 925).

Here the evidence introduced at trial disclosed that at the time of the accident defendant Laney was operating the street sweeper on the streets of Columbus by the customary method used for cleaning streets. The cleaning of the streets is a governmental function. *Mayor &c. of Savannah v. Waters,* 33 Ga. App. 234, 235 (125 SE 772).

Although the trial court recites that the reduction in judgment is to comply with the provisions of Code Ann. § 56-2437, supra, the record contains no evidence cognizable by a trial court as to the amount of liability insurance maintained by defendant Columbus, Georgia. See *Manning v. Powell,* 146 Ga. App. 579, 580 (2B) (246 SE2d 704). It appears from the interrogatories, which the record and the transcript fail to disclose were ever formally introduced into evidence, that the municipality was insured for $100,000 per person per incident. However, if this amount of insurance is contested, a hearing on this issue is necessary. In the light of *Manning v. Powell,* supra, the judgment in Case No. 56615 is affirmed with direction that the trial court conduct a hearing, if necessary, in order to determine if the defendant City of Columbus maintained liability insurance authorized by Code Ann. § 56-2437, supra, in any greater or lesser amount, and to remold the judgment in accordance with the provisions of Code Ann. § 56-2437, supra.

2. The plaintiff's complaint alleged that a nuisance was created by the repeated operation of two street sweepers in such a manner that the lead sweeper was positioned close to the curb and the trailing sweeper was approximately 10 feet behind the lead sweeper but offset from the curb, thereby obstructing the ability of the lead sweeper driver to see to the rear and the ability of the public operating vehicles approaching the sweepers from the rear to see any turn signals. No evidence was introduced at trial that the vision of defendant Laney or any other person was obstructed by the positioning and manner of operation of the street sweepers. There being no evidence to support this allegation the trial court did

not err in directing the verdict on this issue in favor of defendants.

3. The law fixes no measure for damages for pain and suffering except the enlightened conscience of impartial jurors. In the absence of plain proof that the verdict was the result of prejudice or bias this court will not interfere. See *City of Rome v. Davis,* 9 Ga. App. 62, 67 (70 SE 594). There was no direct proof of prejudice or bias here. There was evidence that the plaintiff, a 38-year-old mother of three, suffered nerve damage resulting in 70%-80% loss of use of her left shoulder and a drooping eyelid while experiencing considerable pain and suffering, as well as embarrassment due to the resulting impediments. There is evidence that plaintiff's impediments would probably prevent her from working in any position for which she was trained in the future. The verdict will not be set aside under the evidence presented. See *Smith v. Greene,* 144 Ga. App. 739, 740 (1) (242 SE2d 312).

4. One of the witnesses having testified that at the time of the accident the street sweeper appeared to be attempting to make a U-turn, the trial court did not err in charging the language of Code Ann. § 68A-602(c) (Ga. L. 1974, pp. 633, 663). Nor did the trial court err in charging the language of Code Ann. § 68A-604 (a) (Ga. L. 1974, pp. 633, 664) as there was evidence from which the jury may have concluded that Laney failed to signal his intentions with the turn signals on the street sweeper.

*Judgment affirmed with direction in Case No. 56615; and affirmed in Case No. 56616. Quillian, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 7, 1978 — DECIDED NOVEMBER 2, 1978 — REHEARING DENIED NOVEMBER 22, 1978, IN CASE NO. 56615 —

*J. Sherrod Taylor, Billy E. Moore,* for appellant.
*Lennie F. Davis, E. H. Polleys, Jr., John W. Denney, Kelly, Denney, Pease & Allison, Ronald W. Self,* for appellees.