## 34081. POWELL v. MANNING.

NICHOLS, Chief Justice.

Certiorari was granted to determine whether or not the Court of Appeals correctly held in *Manning v. Powell,* 146 Ga. App. 579 (246 SE2d 704) (1978), that in an automobile-pedestrian collision case the defendant-driver must introduce his policy of automobile insurance into evidence before he can avail himself of the no-fault law statutory exemption from liability to pay damages to the plaintiff-pedestrian for noneconomic loss. Code Ann. § 56-3410b (a).

The issues arise in this way: A pedestrian sued a driver alleging injuries arising out of being struck by the automobile. The driver defended by contending that the pedestrian's injury was not a "serious injury" within the meaning of the no-fault law and, accordingly, he, the driver, was entitled to verdict and judgment. The pedestrian then contended that he was entitled by law to sue for all of his damages, serious or otherwise, unless the driver proved that he was entitled to invoke the exemption from suit provisions of the no-fault law, which the driver could not prove, contended the pedestrian, unless the driver first proved that he, the driver, was an

"insured" within the meaning of Code Ann. § 56-3410b (a), which, in turn, the driver could not prove unless he put the applicable policy of automobile insurance into evidence.

In the present case the issue arose as a result of the trial court's having granted a directed verdict for the defendant-driver on the ground that the plaintiff-pedestrian had failed to prove that his injury was a "serious injury" within the meaning of Code Ann. § 56-3402b (j) and 56-3410b (a). The plaintiff-pedestrian contended on appeal, and the Court of Appeals held that the directed verdict was in error because the defendant-driver failed to prove his status as an insured person who was entitled to assert the limited exemption from liability provided by Code Ann. § 56-3410b (a) because, although sworn answers to interrogatories in the record disclosed that the owner of the automobile was an insured person, the answers to interrogatories never were formally introduced into evidence and could not therefore be considered as evidence. The Court of Appeals concluded that to rule to the contrary would be to open the door to inadmissible evidence and to destroy the right of cross examination.

The decision of the Court of Appeals puts the defendant-driver to a choice of two alternatives, neither of which is satisfactory. If the driver seeks to invoke the exemption from claims, he, himself, must put his insurance into evidence. If he loses on his defense of exemption from suit, the jury is aware of the fact and the amount of the insurance coverages. If the driver does not want the jury to have such evidence, his only choice under the decision of the Court of Appeals is to refrain from raising the exemption in defense of the suit. He thereby is required to renounce or waive, or at least not to rely upon, a defense established by the General Assembly. This court cannot imagine that the General Assembly intended to create such a dilemma.

The better approach is to presume that the law has been obeyed and that the driver is an insured under the no-fault law, at least to the extent of the statutory minimum coverage. If the pedestrian challenges the right of the driver to invoke the exemption from suit, the

burden of proof then is upon the driver to establish the fact of no-fault coverage in at least the statutory minimum amount. A trial of all issues as to whether or not a driver is entitled to invoke the exemption provided by Code Ann. § 56-3410b (a) should be conducted before the court sitting without a jury in the event that the parties are unable or unwilling to stipulate the driver's entitlement to raise the exemption. Neither the amount nor the fact of insurance coverage should be presented to the jury. The stipulation of entitlement should appear in the record or transcript, depending upon whether it is in writing or was stated orally to the court, or a transcript of proceedings should be made if the issue is tried before the court. The members of the bench and bar will have no difficulty in improvising procedures appropriate to the stipulation or proof of the necessary facts until such time as the General Assembly expresses its choice in the matter.

*Judgment reversed. All the Justices concur, except Undercofler, P. J., who dissents.*

ARGUED NOVEMBER 13, 1978 — DECIDED JANUARY 4, 1979.

*Powell, Goldstein, Frazer & Murphy, Eugene G. Partain, Morris Weinberg, Jr.,* for appellant.
*Jack E. Dorsey,* for appellee.