## 36523. CAROLINA CASUALTY INSURANCE COMPANY et al. v. DAVALOS et al.

Marshall, Justice.

This is a motor vehicle collision suit filed against a motor common carrier and its insurer under Code Ann. § 68-612. We granted certiorari to determine whether the plaintiffs should have been allowed, over objection of the defendants, to present to the jury evidence of the limits of the insurance policy. We conclude that the defendants' objection should have been sustained.

It is true that in a suit against a common carrier and its insurer under § 68-612, the plaintiff cannot recover from the insurer any more than the liability fixed by its contract and the statute, and, therefore, the plaintiff must prove the policy limits in order to sustain a judgment against the insurer. *Barber v. Canal Ins. Co.,* 119 Ga. App. 738 (168 SE2d 868) (1969); *St. Paul Fire &c. Ins. Co. v. Fleet Transport Co.,* 116 Ga. App. 606 (158 SE2d 476) (1967); *La Hatte v. Walton,* 53 Ga. App. 6 (184 SE 742) (1936). However, as noted in Gates v. DeWitt,[1] 528 F2d 405, 411 (4) (5th Cir. 1976), this does not necessarily authorize the plaintiff to submit before the jury the entire policy "lock, stock and last comma . . ." Since the § 68-612 plaintiff can prove the limits of coverage so as to sustain a judgment against

---

[1] As was further noted in Gates v. DeWitt, fn. 6, former Code § 81-105, which required the plaintiff to attach a copy of the insurance policy to the complaint, was repealed by the CPA, Code Ann. § 81A-201 (k).

the insurer without submitting the policy limits to the jury,[2] and since submission of the policy limits to the jury tends to prejudice the defendants,[3] we conclude that the defendants' objection to this should have been sustained.

In *Powell v. Manning,* 242 Ga. 778 (251 SE2d 522) (1979), we held that where the defendant in an automobile collision suit alleges that he has an exemption from liability under our no-fault insurance law, Code Ann. § 56-3410b (a), the defendant should be able to prove that he is an insured person entitled to claim this exemption without having the fact or amount of insurance coverage submitted to the jury. In a § 68-612 suit, it is a consequence of the law and the business conducted by the insured that the fact of insurance coverage is placed before the jury. Hogan v. Williams, 193 F2d 220, 225 (5th Cir. 1951). However, as previously stated, this does not necessitate submission of the policy limits to the jury. The basis for the holding in *Powell v. Manning,* supra, is that unless it is necessary, the amount of insurance coverage should not be placed before the jury. It was not necessary to place the amount of insurance coverage before the jury here.

*Judgment reversed. All the Justices concur.*

Argued September 10, 1980 — Decided November 25, 1980.

*Eugene A. Epting,* for appellants.
*Peter Rice, Jr., David G. Kopp, James L. Cline, Jr.,* for appellees.

---

[2]The trial judge can either allow the insurance policy to be made a part of the record but not presented to the jury, or, if the insurance policy is presented to the jury, that portion of the insurance policy showing the limits of coverage can be expunged.

[3]We recognize that if the limits of the insurance policy are low, the insurer might find it expedient to have them revealed to the jury. Since, under our holding today, the insurer is entitled to have the policy limits kept from the jury's consideration if the insurer considers this prejudicial to its case, the plaintiff should also be entitled to have the policy limits kept from the jury.