## 59879. SWEAT et al. v. BURKE.

SOGNIER, Judge.

Burke filed a suit for damages resulting from an automobile accident which occurred in Coffee County, Georgia; a resident common carrier, its resident driver and the non-resident insurance carrier were named as defendants under Code Ann. § 68-612. The suit was filed in Coffee County where the accident occurred, rather than in the county of residence of either resident defendant. Burke obtained judgment, and the defendants appeal.

In Enumeration 2 appellants contend the trial court erred by admitting into evidence, over objection, the policy of insurance issued by defendant Commercial Standard Insurance Company to defendant Olin Wooten Transport Company, Inc.; alternatively, appellants contend that if the policy was admissible it was error to admit the policy without excluding the provisions setting forth the policy limits.

With regard to the court's refusal to exclude the provisions relating to the limits of the policy, our Supreme Court has held: "Since the § 68-612 plaintiff can prove the limits of coverage so as to sustain a judgment against the insurer without submitting the policy limits to the jury, and since submission of the policy limits to the jury tends to prejudice the defendants, we conclude that the defendants' objection to this should have been sustained." *Carolina Casualty Ins. Co. v. Davalos,* 246 Ga. 746 (1980).

The instant case was brought pursuant to the provisions of Code Ann. § 68-612. Accordingly, it was prejudicial error to submit the policy limits to the jury.

*Judgment reversed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED MAY 5, 1980 — DECIDED DECEMBER 2, 1980.

*Rob Reinhardt,* for appellants.
*Douglas W. Mitchell, III,* for appellee.