61313. CITY OF WAYCROSS et al. v. BEATY et al.

SHULMAN, Presiding Judge.

Plaintiffs brought the present action in tort against defendants for damages for pain and suffering and loss of consortium incurred as the result of an automobile collision. Plaintiffs Jacquelyn Cox, Jack Carlos Cox and Melba Beaty were passengers in an automobile driven by Sandra K. Bennett (not a party to this appeal) and were injured when an automobile driven by defendant Stalvey, an employee of defendant City of Waycross, collided with Ms. Bennett's vehicle. Defendants appeal from a judgment awarding plaintiffs the aggregate amount of $120,000. We affirm with direction.

1. Defendant City of Waycross (hereinafter "city"), contends that the trial court erred in denying its motion for reduction of the judgment. In accordance with Code Ann. § 56-2437 (2), the city argues that it could only be held liable for damages in a sum not to exceed its insurance coverage ($10,000 per person, $20,000 in the

aggregate) and that the $120,000 judgment rendered in favor of plaintiffs must be reduced accordingly. Plaintiffs, on the other hand, argue that the city's failure to submit any evidence as to the amount of its liability protection precludes it from now maintaining that a reduction is in order. We must agree with the city's assertion that under the provisions of Code Ann. § 56-2437 (2), it can only be held monetarily liable to plaintiffs to the extent of its insurance coverage. See *Cason v. Columbus, Ga.,* 148 Ga. App. 208 (250 SE2d 836).

Code Ann. § 56-2437 (2) mandates that *in no case* shall a political subdivision of this state be liable for damages in an amount exceeding the limit of coverage of any insurance policy carried by the subdivision. Indeed, the provision further states that "[n]o attempt shall be made in the trial of any action brought against a municipal corporation, county or any other political subdivision of this State to suggest the existence of any insurance which covers in whole or in part any judgment or award which may be entered in favor of the plaintiff." Therefore, had the city attempted to introduce the amount of its insurance protection at trial, such evidence would have been properly and appropriately refused. Since Code Ann. § 56-2437 (2) definitively states that the court "shall" reduce the amount of a judgment or award exceeding the limits of a municipality's applicable insurance to a sum equal to the amount stated in the policy, the trial court in the instant case is enjoined to do so.

Since at a hearing conducted immediately after trial the city did not produce evidence of insurance and of policy limits, a rehearing, held specifically for the purpose of determining the amount of insurance carried by the city, must be conducted (unless appellant chooses not to contest the policy limits asserted by the city) "in order to determine if the defendant [City of Waycross] maintained liability insurance authorized by Code Ann. § 56-2437 . . . in any greater or lesser amount [than the judgment rendered], and to remold the judgment in accordance with the provisions of Code Ann. § 56-2437," *Cason,* supra, p. 209. We note that that determination does not and will not affect defendant Stalvey, who is both jointly and individually liable on the judgment.

2. In several enumerations of error, defendants complain that they were denied a thorough and sifting cross-examination of plaintiffs Jacquelyn Cox and Melba Beaty, in that the trial court prevented defense counsels' questioning the witnesses concerning the possible negligence and relative liability of Ms. Bennett (the driver of the automobile in which they were passengers). The record and transcript simply do not support defendants' contentions in this regard. The transcript does show that the trial court exercised its discretion in refusing to allow the defense to continue to ask the same

questions of a witness after the witness had already given her reply (see *Johnson v. State,* 137 Ga. App. 308 (2) (223 SE2d 500); *W. & A. R. Co. v. Hart,* 95 Ga. App. 810 (99 SE2d 302)), but, in so ruling, the court in no way denied defense counsel an effective cross-examination of the witness. "It has been held that the exclusion of unnecessarily repetitive questions which have been previously propounded and answered does not constitute an abuse of discretion." *Johnson,* supra, p. 310.

3. Defendants complain of the following instruction which the trial court gave subsequent to the defense's cross-examination of plaintiffs Jacquelyn Cox and Melba Beaty: "There was some examination at the last part of this witness' testimony, Mrs. Beaty, that she had filed pleadings setting out that there had been some lane changes, and she was — Counsel had attempted to ask her whether this was a true statement, and whether she was vouch-safing the truth of the statement. And, would she file a false claim in this court. This might be causing you some problems. And, so, for this reason, I want to tell you that under our law, it's perfectly permissible to file inconsistent allegations or hypothetical allegations for the purpose of the pleadings. The lawyers do this. And, you could have two inconsistent sets of fact, and if one of them in the trial of the case turns out to be true, you could recover under that theory. But, the witness, the party, does not undertake to verify the truth of the allegations of her proceedings. And, so, the Court feels that this is an improper line of questioning; because it's sought to create the impression in your minds that she was filing a false claim, or something she knew not to be true."

It is defendants' contention that the above instruction precluded the jury's consideration of Ms. Bennett's possible negligence; that it precluded the jury from considering plaintiffs' testimony on cross-examination, which testimony would conflict with or undermine plaintiffs' assertion that the negligence of defendant Stalvey was the proximate cause of their injuries. Even assuming a proper objection to the court's instructions was made, defendants' contentions are not borne out by the record and transcript. As stated above, defense counsel engaged in a thorough and sifting cross-examination of the plaintiffs. In such examination defense counsel attempted to prove, via the testimony of the plaintiffs, that defendant Stalvey was not negligent but that it was Ms. Bennett's negligence that proximately caused the collision.

The trial court's instructions sought to clarify to the jury that they should not infer merely from the fact that plaintiffs filed inconsistent allegations in their pleadings that plaintiffs lied or filed a false claim. The court's instruction that it is a common practice to

file inconsistent pleadings and that it is perfectly acceptable under the law to do so (see Code Ann. § 81A-108 (e)(2)) stated a correct principle of law and was not error for any reason assigned.

4. Inasmuch as plaintiffs sought damages for pain and suffering and loss of consortium *only,* and not for medical expenses, the trial court properly refused evidence regarding payment of such expenses under the Georgia Motor Vehicle Accident Reparations Act (Code Ann. Ch. 56-34B, Ga. L. 1974, p. 113 et seq., as amended) and defendants' request to charge on such payment. See *City Council of Augusta v. Lee,* 153 Ga. App. 94 (3) (264 SE2d 683), in regard to the merits of defendants' complaint.

Since remaining enumerations of error are not supported in brief by citation of authority or argument, they are deemed abandoned. See Code Ann. § 24-3615.

*Judgment affirmed with direction. Birdsong and Sognier, JJ., concur.*

DECIDED MARCH 4, 1981 —

*J. Thomas Whelchel,* for appellants.
*Jack S. Hutto, Rudolph J. Chambless,* for appellees.