74748. EARLY COUNTY v. FINCHER et al.
(360 SE2d 602)

BANKE, Presiding Judge.

The appellees sued Early County to recover for personal injuries and deaths resulting from the collision of an automobile with an embankment located at the termination of a dead-end county road. The suit is predicated on allegations that the county was negligent in failing to install signs, barricades or other devices to warn of the presence of the embankment and on allegations that the resulting condition of the roadway constituted a nuisance. The county is alleged to have waived the defense of sovereign immunity to the extent of a $300,000 policy of liability insurance which it had in effect at the time of the accident.

The county filed a motion in limine seeking to prevent the introduction of the insurance policy into evidence at trial and also seeking to exclude any evidence tending to establish that its failure to install signs, barricades or other warning devices constituted negligence. The trial court denied the motion, and we granted the county's application

for an interlocutory appeal. *Held*:

1. Pursuant to Art. I, Sec. II, Par. IX of the Constitution of the State of Georgia of 1983, "the defense of sovereign immunity is waived as to those actions for the recovery of damages for any claim against the state or any of its departments and agencies for which liability insurance protections for such claims has been provided but only to the extent of any liability insurance provided." In *Toombs County v. O'Neal*, 254 Ga. 390, 391 (330 SE2d 95) (1985), the Supreme Court held that the phrase, "the State and all of its departments and agencies," as used in this constitutional provision, encompasses counties.

It does not follow, however, that the amount of the county's liability insurance coverage is a proper subject for jury consideration in the present action. Generally speaking, of course, evidence of the existence and scope of liability insurance coverage carried by a defendant in a personal injury case is not admissible, due to its lack of relevance to the issues being tried and its potential for prejudicing the defendant's case. See generally *Goins v. Glisson*, 163 Ga. App. 290, 292 (292 SE2d 917) (1982); Green, Ga. Law of Evidence, § 73 (2d ed.); Agnor's Ga. Evidence, § 10-19 (2d ed.). While the scope of the county's liability coverage is clearly relevant to this case in the sense that it controls the extent of the county's waiver of sovereign immunity, it is not a matter which can be considered of any legitimate concern to the jury. Rather, the existence and limits of the county's insurance coverage can easily be determined by the trial judge as a matter of law from an examination of the policy; and in the event the jury returns a verdict in favor of the appellees, the judgment can thereafter be molded by the court to bring it in line with the policy limits. Such a procedure has been adopted in various other, similar situations to avoid the probable prejudice which would result to the defendant from having evidence of his insurance coverage considered by the jury. See, e.g., *Carolina Cas. Ins. Co. v. Davalos*, 246 Ga. 746 (272 SE2d 702) (1980) (involving a suit against a motor vehicle common carrier and its insurer pursuant to former Code Ann. § 68-612 (current OCGA § 46-7-12)); *Powell v. Manning* 242 Ga. 778 (251 SE2d 522) (1979) (involving the exemption from liability for non-economic loss available to a defendant with no-fault insurance coverage); *City of Waycross v. Beaty*, 157 Ga. App. 765 (1) (278 SE2d 697) (1981) (involving the waiver of governmental immunity resulting from a municipality's purchase of motor vehicle liability insurance). In accordance with these authorities, we hold that the trial court erred in denying the county's motion in limine insofar as it sought to exclude from the jury's consideration evidence of the county's liability insurance coverage.

2. We affirm, however, the denial of the motion in limine insofar as it sought to exclude evidence of the county's alleged negligence.

Normally, "[a] county is not liable to suit for any cause of action unless made so by statute." OCGA § 36-1-4. This includes actions brought under a theory of negligence as well as actions brought under a theory of nuisance, unless, of course, the alleged nuisance amounts to a taking of private property for public purposes. See *Miree v. United States*, 242 Ga. 126, 129, 134 (249 SE2d 573) (1978). However, it is precisely this immunity from liability which the county is alleged to have waived in the present action by its purchase of liability insurance. The benefit to the public of the constitutional provision establishing such waiver would be hollow indeed if the principles of sovereign immunity continued to apply, notwithstanding the purchase of such insurance coverage, to prevent proof of the county's alleged liability.

*Judgment affirmed in part and reversed in part. Carley and Benham, JJ., concur.*

### On Motion for Rehearing.

On motion for rehearing, the county insists that we have ignored its "defense of discretionary acts," which it categorizes as "a separate and distinct defense as opposed (sic) the issue of sovereign immunity."

The cases drawing a distinction between discretionary and ministerial acts do not deal with the liability of counties but with the liability of municipalities. Traditionally, municipalities have been subject to suit for negligent performance or nonperformance of their ministerial functions while enjoying immunity from suit for the negligent performance or nonperformance of their governmental or discretionary functions. See OCGA §§ 36-33-1; 36-33-2; *Tamas v. Columbus*, 244 Ga. 200, 202 (259 SE2d 457) (1979). Although this distinction between ministerial and discretionary functions has on occasion also been applied to claims against counties, see, e.g., *Christensen v. Floyd County*, 158 Ga. App. 274 (2) (279 SE2d 723) (1981), such application is clearly inappropriate since, with certain specific exceptions such as the one involved in this case, the sovereign immunity enjoyed by a county extends to discretionary as well as ministerial functions and, indeed, even to personal injury claims based on nuisance. See OCGA § 36-1-4; *Miree v. United States*, supra. Thus, the county's contention that there exists a separate "defense of discretionary acts" which may be asserted independently of the defense of governmental immunity is without merit.

The county further asserts on motion for rehearing that this court's ruling in Division 2 of its opinion will somehow operate to "eliminate all defenses which appellant may submit. . . ." Our ruling in Division 2 is merely that the trial court properly denied the

county's motion in limine seeking to exclude at trial any evidence tending to establish that the accident was the proximate result of negligence on its part. We do not comprehend how this ruling could reasonably be construed as prohibiting the county from asserting any applicable defense it may have to the plaintiffs' claim. The county's motion for rehearing is accordingly denied.

DECIDED JULY 13, 1987 —
REHEARING DENIED JULY 31, 1987 —

*Leonard Farkas, Timothy O. Davis*, for appellant.
*Jerry W. Brimberry, R. Edgar Campbell*, for appellees.