77808. ADAMS et al. v. CAMP HARMONY ASSOCIATION, INC.
(379 SE2d 407)

McMurray, Presiding Judge.

Plaintiffs, Ralph H. Adams ánd Blanche R. Adams, brought suit against defendant, Camp Harmony Association, Inc., for the wrongful death of their seven-year-old daughter. It was alleged that defendant owned, operated and maintained a day camp and recreation area; that the decedent was a "day-camper" at defendant's facility; that defendant negligently operated and maintained a swimming pool at its facility; and that, as a result of defendant's negligence, that decedent drowned in defendant's swimming pool. Defendant answered the complaint and denied any liability for the decedent's death. It also asserted it was immune from suit by virtue of the charitable immunity doctrine.

The case was tried by a jury which rendered a verdict in favor of defendant. Judgment was entered accordingly and plaintiffs moved for a new trial. Following the denial of plaintiffs' motion for a new trial, plaintiffs appeal. *Held*:

1. During closing argument, counsel for defendant touched on the positive impact which defendant's Camp Harmony and Beefy Eaves, who was not a defendant, had upon the young people of Elbert County. Defense counsel indicated how long he had been practicing law, introduced himself and stated, "(t)oday I am representing Camp Harmony and Beefy Eaves. I'm sorry that Susan Adams [decedent] is not here. We all are, but I think the Judge will charge you that you cannot decide this case on sympathy. You're bound to decide this case on the facts that occurred out there on the day that this accident happened . . .

"All of you know or know of Beefy Eaves. Beefy tells me and I think that he's testified that he has been in youth work for forty-four years and that of that forty-four years, there's about twenty—I mean,

thirty-four of those years spent here in Elberton and ten of those years were spent in Athens with the Y program, with the University of Georgia. Then he's been back here since that time working with the youth in our community. Beefy Eaves and Bill Clark were two men who were working with the City of Elberton Recreation program and they had an idea and they had a dream and that dream was Camp Harmony. That dream was not to benefit them. That dream was not to accumulate money for them. That dream was to benefit the young people, the children of Elbert County and the future generations of Elbert County. You heard how they had the idea, they bought the land by donations. They raised the money. They built the buildings. They cleared the ball fields with bulldozers that were contributed. They built the lake that they swam in before the pool was ever built. They built the cabins. They built the rifle range. They bought a bus. They later built the swimming pool and the recreation hall as it exists. All of this was done without a dollar of tax money from your pocket and from mine or from any other taxpayer in the City of Elberton or Elbert County. It was done through contributions because these two men, Bill Clark and Beefy Eaves had a dream and that dream exists out there today in all its glory as Camp Harmony . . .

"I want to call to your attention what John Etheridge had to say on the stand yesterday. John Etheridge as far as I know has no interest in this case other than the fact that his son, Glenn Etheridge went to camp there. I'm going to attempt the best I can to repeat what John Etheridge said. He said, we all know there's no man in this community who has had a greater influence for good on the children of Elberton and Elbert County than Beefy Eaves. He said, no matter if the other man be a teacher, a minister of God, a social worker or whatever, no other man has had the influence that Beefy Eaves has had on the young people of our community. Look around you. Look at the people you know that Beefy has trained. Think about the number of children that he's kept out of being drug addicts, alcoholics. Think about the people that Beefy has taught to work, to do a job and do it right . . .

"Look at the boys that Beefy has trained, see whether or not he's done a good job. Look at the girls he's trained. See whether or not he's done a good job . . . I tell you today that if this wasn't an accident outlined by the law of Georgia where nobody was at fault, where everybody is sorry it happened, then I never heard of one and I ask you to so find, otherwise you will with one verdict wipe out Camp Harmony, wipe out Beefy's work, wipe out the future of those fine little boys that Happy Boyd brought in here yesterday, the younger generation that are coming along. They won't have a place if you give a verdict—" At that point, the jury was excused and plaintiffs' counsel moved for a mistrial. The motion was denied, the jury returned to

the courtroom, and the court charged as follows:

"Ladies and Gentlemen of the jury let me instruct you that in reaching a decision in this case, you're going to be dealing with three questions primarily. [At that point, the trial court enumerated several questions concerning defendant's alleged negligence.] [A]nd that is the only thing you're to concern yourselves with. You're not to consider, you're not to worry, you're not to be concerned about any effects of that judgment or any effects of the assets of the corporation. There may be some that would be subject, there may be some that will not be subject, there may not be any that's subject to any judgment. This is a discussion that we had in chambers and this is the discussion that we thought would prevail out here, but anyway the Court tells you that the argument advanced by [defense counsel] is improper and I'll ask him to move on and you're to only concern yourself with the questions that will be given to you on this form of your verdict."

Counsel for plaintiffs renewed the motion for a mistrial. Again, the motion was overruled. In their first enumeration of error, plaintiffs assert the trial court erred in denying the mistrial motion.

"No hard and fast rule may be laid down as to when improper remarks of counsel in the trial of a case are or are not sufficiently cured by instruction of the court to the jury to refuse to consider them. Each case must be decided on its own facts." *Veazey v. Glover*, 47 Ga. App. 826, 828 (171 SE 732). Viewing the facts and circumstances of this case, we are of the opinion that the trial court abused its discretion in overruling the motion for a mistrial.

The case was a close one on its facts. Thus, we must strictly scrutinize defense counsel's remarks and the trial court's curative instructions. *Veazey v. Glover*, 47 Ga. App. 826, 828, supra.

As was found by the trial court, defense counsel's argument was improper, and in our view, under the particular facts and circumstances of the case sub judice, as sufficient to create a prejudicial slant against the plaintiffs, touching as it did upon the financial condition of defendant and its ability to continue to operate in the face of a large judgment. See *Veazey v. Glover*, 47 Ga. App. 826, supra. See also *Superior Paving v. Citadel Cement Corp.*, 145 Ga. App. 6, 7 (3) (243 SE2d 287); *John J. Woodside Storage Co. v. Reese*, 105 Ga. App. 602, 603 (6), 604 (125 SE2d 556). We conclude that no amount of instruction by the trial court to disregard defense counsel's argument could have erased the effect of defense counsel's remarks under the particular facts and circumstances of the case sub judice. See *Southern R. Co. v. Black*, 57 Ga. App. 592, 593 (5) (196 SE 291). Compare *Travelers Indem. Co. v. Wilkes County*, 102 Ga. App. 362, 365 (2) (116 SE2d 314). Nothing short of the grant of plaintiffs' motion for a mistrial would have been sufficient to cure the harm in-

flicted on plaintiffs. The trial court erred in failing to grant the mistrial motion and thus a new trial must be conducted.

2. In view of our ruling in Division 1, we need not address the general grounds.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED JANUARY 26, 1989 —
REHEARING DENIED FEBRUARY 28, 1989 —

*Hudson & Montgomery, David R. Montgomery, Thomas M. Strickland,* for appellants.

*Heard, Leverett & Phelps, R. Chris Phelps, Robert M. Heard,* for appellee.