A91A0787. WATSON v. GEORGIA FEDERAL BANK, FSB.
(410 SE2d 387)

CARLEY, Presiding Judge.

Appellant-plaintiff brought suit against appellee-defendant, seeking to recover for injuries that he allegedly sustained in a vehicular collision. After a jury trial, a verdict in favor of appellee was returned. Appellant appeals from the judgment entered by the trial court on the jury's verdict.

On cross-examination of appellant, counsel for appellee asked the following question: "Do you have any health or accident disability policies?" Before this question was ever answered, appellant made an

immediate objection which the trial court promptly sustained. Appellant then moved for a mistrial. The denial of the motion for mistrial is the basis of appellant's sole enumeration of error.

The instant collision occurred prior to the effective date of OCGA § 51-12-1 (b). Accordingly, resolution is dependent upon a consideration of neither that statutory provision nor of the effect of *Denton v. Con-Way Southern Express*, 261 Ga. 41 (402 SE2d 269) (1991), which declared that statutory provision to be unconstitutional. Instead, appellant relies upon an application of the long-standing pre-tort reform "rule that evidence of insurance coverage is so prejudicial by nature that it should not be admitted unless it is clearly relevant. . . ." *Collins v. Davis*, 186 Ga. App. 192, 193 (1) (366 SE2d 769) (1988). After a thorough review of the record, however, we conclude that this principle would not mandate a reversal of the judgment in the instant case. " 'Although the question asked by appellee's counsel [may have been] a patent attempt to introduce inadmissible evidence, the question was never answered, and we do not believe that in the context of all the evidence presented during this [three]-day trial it so prejudiced the proceedings as to require a mistrial as a matter of law.' [Cit.]" *Carolina Cas. Ins. Co. v. Davalos*, 154 Ga. App. 776, 780 (3) (269 SE2d 897) (1980), rev'd on other grounds, 246 Ga. 746 (272 SE2d 702) (1980).

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED SEPTEMBER 13, 1991.

*Albert E. Jones*, for appellant.
*Van Gerpen, Shigley & Hoffman, Earl J. Van Gerpen, George L. Parson, John A. Allen Associates, John A. Allen*, for appellee.